Mr. Justice STRONG
delivered the opinion of the court.
It must be admitted that the pleas interposed by the defendant in the court below were in artistically framed; that they'were argumentative, and that they set up nothing which could not have been taken advantage of, for what it was worth, under the general issue. They might have been stricken from the record on motion, or, if special demurrers were allowable in that circuit, they would have been condemned, had the plaintiff so demurred. But the demurrers were general, and the question before us is whether any of the pleas set up a substantial defence to the action.
Now, in regard to the first plea, while it is true that the defence which it sets up was only inferentially an answer to. the plaintiff’s complaint, and while it might as well have been set up under the general issue, it was nevertheless a traverse of a material averment of the declaration. The coupons were made payable to bearer, but if the plaintiff was neither the owner, nor the holder, nor the bearer, they were not promises to pay him, and the county was not indebted to him. Hence it was material to his case to aver, as he did, *304 that he was the bearer, and the plea took issue with this averment. It denied the title of the plaintiff", or his right of action, and, though faulty in form, in substance it amounted to a defence. It was, therefore, error to overrule it upon a general demurrer.
Similar observations might be made respecting the demurrers to the second and fourth pleas.
The third plea was in effect a denial of any legislative authority to the county to subscribe to the stock of the railroad company, and to issue bonds for the pajmient of such subscription. The general demurrer to it raises the question whether it presented a substantial defence to the action.
It is to be noticed at the outset that the plea concedes legislative authority to the county to make a subscription, and to issue bonds in payment, though the exercise of the authority was required to be preceded by a popular vote. It concedes that the bonds were in fact made and issued. We say it concedes this, because such making and issue áre alleged in the declaration, and the plea does not traverse the allegation. It concedes that the subscription was made; that the bonds were delivered to the company in payment; that they were sold for $50,000; that the plaintiff subsequently became the owner, and hence that he stands in the position of a purchaser for value; and it concedes that the county obtained for the bonds a certificate of stock in the railroad company, which it now holds.
Without legislative authority a municipal corporation, like a county, may not subscribe to the capital stock of a railroad company, and bind itself to pay its subsci’iption, or issue its bonds in payment; and if it does, the purchase of such bonds is affected by the want of authority to make them. But it does not followirom this that when the legislature has given its sanction to the issue of bonds, provided that before their issue certain things shall be done by the officers, or the people of the county, the bonds can always be avoided in the hands of an innocent purchaser by proof that the county officers, or the people, have not done, or have insufficiently done, the things which the legislature re *305 quired to be done before the authority to subscribe, or to issue bonds, should be exercised. A purchaser is not always bound to look farther than to discover that the power has been conferred, even though it be coupled with conditions precedent. If the right to subscribe be made dependent upon the result of a popular vote, the officers of the county must first determine whether the vote has been taken as directed by Jaw and what the vote was. When, therefore, they make a subscription, and issue county bonds in payment, it may fairly be presumed, in favor of an innocent purchaser of the bonds, that the condition which the law attached to the exercise of the power has been fulfilled. To issue the bonds without the fulfilment of the precedent conditions would be a misdemeanor, and it is to be presumed that public officers act rightly. We do not say this is a conclusive presumption in all cases, but it has more than once been decided that a county may be estopped against asserting that the conditions attached to a grant of power wvre not fulfilled.* The estoppel in these cases was either by recitals in the bonds that the conditions precedent had been complied with, or by the fact that the county had subsequently levied taxes to pay interest on the bonds. In the present case it does not appear in the pleadings whether or not the bonds contained any such recitals, nor whether the officers of the county have levied taxes to pay interest on them, or whether any interest has been paid. These grounds of estoppel do not exist. But if such acts and such recitals are sufficient to protect bond fide purchasers against an attempt to set up noncompliance with the conditions attached to the grant of power to issue the bonds, it is not easy to see why the pleadings do not show an estoppel in this case. The county received in exchange for the bonds a certificate for the stock of the railroad company, which it held about seventeen years before the present suit was *306 brought, and which it still holds. Having exchanged the bonds for the stock, can it retain the proceeds of the exchange, and assert against a purchaser of the bonds for value that though the legislature empowered it to make them, and put them upon the market, upon certain conditions, they were issued is disregard of the conditions? We think they cannot, and, therefore, that the third plea cannot be sustained.
But for the reasons given above the case must be sent back for another trial; when, doubtless, the pleadings will be changed.
Judgment reversed, and the cause
Remitted for further proceedings.

 Commissioners of Knox County v. Aspinwall et al., 21 Howard, 539 Bissell v. City of Jeffersonville, 24 Id. 287; Moran v. Commissioners, 2 Black, 722; Meyer v. Muscatine, 1 Wallace, 384; Van Hostrup v. Madison City, 1 Id. 291; Supervisors v. Schenck, 5 Id. 772.