## COUNTY OF LEAVENWORTH *v.* BARNES.

1. This court adopts the decision of the Supreme Court of Kansas, affirming the validity and binding effect of an act of the legislature of that State, approved Feb. 10, 1865, entitled "An Act to authorize counties and cities to issue bonds to railroad companies," although the yeas and nays were not called and entered on the journals of the respective houses on the final passage of the bill, and the enrolled bill was not signed by the presiding officer of the senate.

2. Where the question of subscribing to the stock of a railroad company was, prior to the passage of that act, duly submitted to the qualified voters of the county, who voted to subscribe stock and issue bonds therefor, the board of county commissioners was, by that act, authorized to make the subscription, and issue bonds not exceeding the amount provided in the first and third sections thereof.

3. The bonds issued by the county of Leavenworth, Kansas, bearing date July 1, 1865, and reciting that they are issued in payment of the subscription of said county to the capital stock of the Leavenworth and Missouri-Pacific Railroad Company, under the provisions of the act of the legislature of Kansas, entitled "An Act to authorize counties and cities to issue bonds to railroad companies," approved Feb. 10, 1865, are, in the hands of a *bona fide* holder for value, valid and binding upon the country.

ERROR to the Circuit Court of the United States for the District of Kansas.

The facts are stated in the opinion of the court.

Submitted on printed arguments by *Mr. J. W. English* for the plaintiffs in error, and by *Messrs. Stillings & Fenlon* for the defendant in error.

MR. JUSTICE HUNT delivered the opinion of the court.

This action is brought upon certain bonds and coupons issued by the county of Leavenworth, Kansas.

It is found by the judge, who tried the cause without a jury, that the bonds were issued by the county, and that the plaintiff below was the owner and holder, and purchased them without actual notice of the defences set up, and for value paid.

The defences to the recovery upon the bonds resolve themselves into the following : —

*First*, The bonds recite that they are issued under the provisions of the act of the State of Kansas, approved Feb. 10, 1865, entitled "An Act to authorize counties and cities to issue bonds to railroad companies."

They bear date of July 1, 1865, and are payable on the first day of July, 1875.

This act authorized the counties to make subscription to the capital stock of a railroad company, and to issue its bonds in payment therefor, payable within thirty years, at a rate of interest not exceeding seven per cent. A previous assent of the qualified electors of the county, at an election, of which twenty days' notice should be given, was required.

It is contended that without this act there was no authority in the county to issue the bonds in suit, and that the act was never legally passed. The objection is that the yeas and nays were not called and entered on the journal, on the final passage of the bill; and, again, that the enrolled bill was not signed by the presiding officer of the senate.

The recent decision upon this identical statute by the Supreme Court of Kansas, in a suit against this county, relieves us from all embarrassment upon this question. It gives effect and construction to one of its own statutes, and, according to well-settled rules, will be followed by this court. The question is discussed at much length, many local authorities in support of their conclusion are cited, and the act is held to have been legally passed, and to be a binding act. We must hold in accordance with this decision.

*Second,* It appears by the record that on the second day of January, 1865, the board of county commissioners called an election for the twenty-first day of that month, for the submission to the electors of the question of subscribing to the stock of the Leavenworth and Missouri-Pacific Railroad Company; that an election was held on that day, at which seven hundred and eighty-four votes were cast in favor of the subscription, and one hundred and eleven against it; that on the eighteenth day of April the chairman of the board was directed by the board to make the subscription; and that on the first day of July the bonds were issued in payment thereof.

It is now objected that the bonds are invalid, for the reason that the only vote taken by the electors of the county was before the passage of the act authorizing it. The law in question appears, from the printed volume of the statutes of Kansas, to have been approved on the tenth day of February, 1865,

and to have been published on the fourteenth day of the same month.

The act we are considering authorizes the counties into, from, or near which any railroad is or may be located, to subscribe to the capital stock thereof, and to issue its bonds in payment of such subscription. It proceeds to say : " But no such bonds shall be issued until the question shall be first submitted to a vote of the qualified electors of the county at some general election, or some special election, to be called by the board of county commissioners by first giving twenty days' notice in some newspaper published and having general circulation in the county. . . . If a majority of the votes cast at such election shall be in favor of issuing such bonds, the board of commissioners of the county shall issue the same."

The road in question was located and built in and through the county of Leavenworth.

The fourth section of the act contained this provision : —

" In case the board of commissioners of any such county . . . have heretofore submitted to the electors of such county the question of issuing bonds to any railroad company, and at such election such electors voted to issue such bonds, such board are hereby authorized to issue such bonds and subscribe for stocks not exceeding the amount as provided in the first and third sections of this act." Stat. Kan. 1865, p. 42.

In the present case, a majority of the electors voting declared themselves in favor of the subscription and issue of the bonds. This is all that is required either by the first or the fourth section. The same rule is intended to be applied in each case.

This is an explicit authority from the legislature to the county board to adopt any previous expression of the electors of their willingness to make such subscription. It is conclusive upon the point under consideration.

*Third,* It is objected, again, that the bonds were issued to the Leavenworth and Missouri-Pacific Railroad Company, whereas it is alleged that no such company was in existence on the twenty-first day of January, 1865, when the election was held, or on the first day of July, when the bonds were issued.

This company was organized in 1860, under the name of

the Missouri River Railroad Company, and on the 18th of April, 1865, it consolidated with another company, increased its capital, and changed its name to that of the Leavenworth and Missouri-Pacific Railroad Company. We suppose this to have been authorized by the statutes of Kansas. Laws 1862, p. 768. We are certainly of opinion that when the parties interested in the two companies are content; when the newly named company has been in operation for ten years; when the county has received and held its stock until 1869; when the same was sold by the county by authority of the legislature, — it is not competent for such a contracting party to say that there was an irregularity in the organization of the company. Bigelow on Estoppel, 464; *Moran* v. *Commissioners*, 2 Black, 722; *Zabriskie* v. *Cleveland*, 23 How. 400; *Pendleton* v. *Amy*, 13 Wall. 297.

There are some other objections made, but none of them are serious in their character.        *Judgment affirmed.*