ALBERT SINGER, Respondent, *v.* ST. LOUIS, KANSAS CITY, AND NORTHERN RAILROAD COMPANY, Appellant.

### January 14, 1879.

1. Mortgage-bonds, with coupons attached representing semi-annual interest, were executed by a corporation, payable to bearer; the bonds stating upon their face that the payment of interest thereon was secured by a lease of the railroad of the maker to the defendant, at a rental equal to the interest, the defendant to pay the interest by paying the coupons; this statement being repeated on the back of the bond, with the additional statement, all under defendant's signature, that the rent will be applied by defendant directly to the payment of the interest. It was shown, in an action against defendant on one of the coupons, that some of these coupons had been paid by defendant. *Held,* that the coupons were a part of the bonds; that the statement on the back of the bonds imports a promise to pay the coupons to bearer; that the lease having been treated as valid, the question of its validity was immaterial; that defendant adopted the acts of its agents by acquiescence, and is estopped to urge as a defence to these coupons that the lease and indorsement were *ultra vires.*

2. A business corporation cannot put its name on bonds, allow them to go into the market thus indorsed, and then deny its liability to innocent purchasers, under the plea that the act of the corporation in effecting the lease for which the bonds were given was *ultra vires,* and not ratified by the stockholders.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

WELLS H. BLODGETT, for appellant: The courts will not enforce contracts made by corporations in violation of their charters or the statute under which they are created. — *Railroad Co.* v. *Seely,* 45 Mo. 212; *Railroad Co.* v. *Hoagland,* 30 Mo. 459; *Blair* v. *Insurance Co.,* 10 Mo. 560; *Pierce* v. *Railroad Co.,* 21 How. 442; *Insurance Co.* v. *Ely,* 5 Conn. 572; *Creed* v. *Bank,* 11 Ohio, 492; *Hood* v. *Railroad Co.,* 22 Conn. 502; *Railroad Co.* v. *Railroad Co.,* 5 Am. L. Reg. (N. S.) 739, 740, and cases cited. A contract of lease, to be binding on the corporation, must be authorized or assented to by a majority of the stockholders. — Wag. Stats. 315, sect. 57; *St. Louis* v. *Alexander,* 23 Mo. 513. Ratification. — Brice's Ultra Vires,

878, note ; *Marsh* v. *Fulton County*, 10 Wall. 684. Distinction between officer and agent. — *Bank* v. *Bank*, 71 Mass. 28.

NOBLE & ORRICK, for appellant : The statement on back of bond was not a promise. — *Edwards* v. *Massey*, 2 Allen, 486. The officers signing it were not authorized to do so, so as to bind defendant to any obligation thereby. — Green's Brice's Ultra Vires, 426, note. The lease was not shown to have been ratified by stockholders, but in fact to have been rejected ; and was therefore not only *ultra vires*, but absolutely *illegal*, and, as such, void. — *Downing* v. *Ringer*, 7 Mo. 532 ; *Hanauer* v. *Doane*, 12 Wall. 342 ; *Peltz* v. *Long*, 40 Mo. 532 ; *Carson* v. *Hunter*, 46 Mo. 467.

GEORGE W. TAUSSIG, for respondent : Where one person makes a promise to another for the benefit of a third person, the third person may maintain an action upon it. — *Fitzgerald* v. *Barker*, 4 Mo. App. 104 ; *Rogers* v. *Gosnell*, 58 Mo. 589 ; *Shuster* v. *Railroad Co.*, 60 Mo. 290 ; *Blodgett* v. *Cress*, 64 Mo. 449 ; *Lawrence* v. *Fox*, 20 N. Y. 268. Although the promise was not in writing. — *Thorp* v. *Canal*, 48 N. Y. 253. A railroad corporation may, upon a sufficient consideration, make a valid contract guaranteeing the payment of the bonds of another corporation. — *Low* v. *Railroad Co.*, 4 Cent. L. J. 487 ; *Opdyke* v. *Railroad Co.*, 3 Dill. 55 ; *Arnot* v. *Railroad Co.*, 67 N. Y. — ; *Eaken* v. *Railroad Co.*, 3 Cent. L. J. 655.

HAYDEN, J., delivered the opinion of the court.

This is an action brought before a justice of the peace, upon an alleged promise of the defendant to pay five interest-coupons of certain mortgage-bonds issued by the St. Louis, Council Bluffs, and Omaha Railroad Company. By the bonds, five of which were put in evidence on the trial in the court below, the company just named promises to pay Solon Humphreys, or bearer, thirty years after date, at the National Bank of Commerce, New York, $1,000,

with interest at the rate of seven per cent per annum payable semi-annually on presentation and surrender of the proper annexed coupons, etc. In the body of the bond is the following statement: "The payment of interest on this bond is further secured by a lease of the road to the St. Louis, Kansas City, and Northern Railway Company, at a rental equal to the interest on the whole series of bonds, and which rental said latter company will pay by paying the coupons attached to the bond." On the back of the bonds was the following: "This bond is secured by a mortgage upon a railroad which is leased to the St. Louis, Kansas City, and Northern Railway Company for a fixed rent equal to the amount of interest upon the whole series of bonds; and by the terms of the lease, the rent to be applied by the lessee directly to the payment of that interest.

"T. B. BLACKSTONE, *President*,

"JAMES F. HOW, *Secretary*,

"*St. Louis, Kansas City, Northern Railway Co.*"

The coupons were promises of the St. Louis, Council Bluffs, and Omaha Railroad Company to pay bearer $35 at the office of the defendant in New York, being for six months' interest due March 14, 1876, etc.

Upon the trial in the court below, the secretary and vice-president of the defendant testified that some of these coupons had been paid by the defendant to their holders in New York; that the only authority he had to sign the indorsement on the bonds was the direction of the defendant; that at the time the bonds were issued, the defendant was operating the Brunswick and Chillicothe Railroad as a branch; that the road of the St. Louis, Council Bluffs, and Omaha Railroad did not connect with the road of the defendant, the two being thirty-six miles distant at the nearest point, but that the Brunswick and Chillicothe Railroad, being of the same gauge, united the two so that cars could pass from defendant's road to the St. Louis, Council Bluffs, and Omaha Road. This witness, being recalled for

the defendant, testified that the lease mentioned in the bonds was submitted to defendant's stockholders for ratification or rejection on March 2, 1875, was rejected by a large majority, and was never ratified; that the defendant ceased to operate the St. Louis, Council Bluffs, and Omaha Railroad in May, 1874. There was a finding for the plaintiff by the court, and judgment accordingly.

It is contended that the demurrer to evidence should have been sustained, because the plaintiff made out no case; that the coupons were coupons of the St. Louis, Council Bluffs, and Omaha Railroad Company, and not of the defendant, and no promise in writing of the defendant to pay the same was shown. But, in the present case, if a promise by the defendant to the St. Louis, Council Bluffs, and Omaha Railroad Company for the benefit of the bearers of the bonds is shown, this would be sufficient to enable the plaintiff to maintain the action; and, as this court has decided, it is not necessary that the third person should know of the promise when it is made. *Fitzgerald* v. *Barker*, 4 Mo. App. 105. It is not, however, necessary to put this case upon the ground that the promise sued on is one made by the defendant to the St. Louis, Council Bluffs, and Omaha Railroad for the benefit of a third person. Waiving now the question of authority, and supposing the writing on the back of the bond to be the defendant's writing, it clearly imports a promise by the defendant to pay the coupons to the bearer. These bonds, with their coupons, are payable to bearer; and the plaintiff is presumed to have purchased them for value and before maturity. The argument of the defendant implies that the statement on the back of the bonds can be considered apart from the promise in the body of the bonds that the defendant "will pay by paying the coupons annexed to said bond." But there can be no such separation. The coupons are part of the bond, and are payable to the bearer. The buyer, in market, of the bond, looking to see how his

interest will be paid, and by whom, finds on the face of the bond the promise just quoted, to the effect that the defendant will pay the coupons to bearer. Reflecting that this promise is not made by the defendant, he turns to the other side, and finds a statement or promise — it matters not what name we call it by — referring to the bonds, and saying, in substance, that they are secured by mortgage upon a railroad leased to the defendant for a fixed rent; that that rent is equal to the amount of interest upon the whole series of bonds; and that, by the agreement between the St. Louis, Council Bluffs, and Omaha Railroad and the defendant, the defendant is directly to apply the rent to the payment of that interest. Thus it is, in view of what the bond states on its face, and having that assertion of a promise by the defendant before it, that the defendant makes the indorsement on the bonds. The indorsement confirms the promise in the bond that the defendant will pay the coupons; and, as if to obviate any doubt, uses the word " directly," implying that the bearer may look in the first place to the defendant.

These matters the defendant ignores, and assumes that the action is based on the lease. But the statement filed before the justice shows the contrary, and the bond and indorsement support the statement. The action is not upon the lease, nor is the lease necessary to show a consideration for the defendant's promise to the plaintiff here sued on. The plaintiff makes out a *primâ facie* case without producing the lease, and this case the defendant fails to rebut. If, as the defendant contends, the lease was one which the parties to it had no right to make, the defendant should have shown the nature and character of the lease; but while the plaintiff showed no more about the lease than is contained in the bond and indorsement, the defendant, in its case, showed that the lease was submitted to the stockholders and rejected, and that the defendant ceased to operate the leased road in May, 1874. Thus, there is no foun-

dation laid in evidence for the defendant's argument as to
the want of power in the defendant, under the laws of this
State, to lease the road of the St. Louis, Council Bluffs, and
Omaha Railroad.   We find on the face of the bond that, to
use the words of the defendant's counsel, "an arrange-
ment called a lease " had been made ; but what the terms of
it are, or even whether it is in writing, is a matter of uncer-
tainty.   To attempt to pronounce upon its validity would,
under these circumstances, be groping in the dark ; nor is
any such decision necessary to the question here involved.
Whether the promise be regarded as made to the plaintiff
or to the St. Louis, Council Bluffs, and Omaha Railroad
Company, it is sufficient for the purposes of this case that
defendant treated the lease as valid, that under it the
leased road was operated, and that coupons were paid by the
defendant to holders of these bonds.   These bonds are dated
September 14, 1872, and it was not until March 2, 1875,
that the submission to the stockholders was made.   The
present is a case between the holder of the coupons and the
defendant corporation ; and the corporation, as such, must
be bound by its own acts.   It paid the coupons, and thereby
led innocent persons to invest in the bonds, as it may fairly
be presumed they did, in the belief that then, at least, the
company had adopted the acts of its agents.   Such adop-
tion, too, may be fairly inferred from acquiescence.   The
company, and those whom the stockholders had selected to
carry on its business, and for whose acts, if acquiesced in,
the stockholders were bound to know the company was re-
sponsible for the long interval of time between the rejec-
tion of the lease and the issue of the bonds, assented to
the acts which the president and secretary had done.
Under the plea that the stockholders, who are in no way
before the court, are parties in interest, the claim of the
defendant is virtually that the defendant, a business cor-
poration, could put its name upon the bonds, allow these
bonds to go into and remain upon the market thus indorsed,

and then, according as success or failure in the project of the lease followed, admit or deny its liability at the expense of innocent purchasers who had paid their money for the bonds on the faith of the defendant's name. It is not easy. to see 'why stockholders in a business corporation. should be exempted from the operation of the ordinary rules of law. But the attempt is here, as it often is in cases of this kind, to relieve them from the consequences which the law attaches to their own acts.

Though the lease was not here in evidence, facts were in evidence sufficient to show that defendant was estopped from urging as a defence that it had no power to make the arrangement which it did make with the St. Louis, Council Bluffs, and Omaha Railroad Company, and from denying the authority of its officers to make the indorsement upon the back of the bonds. It is clear, both upon principle and authority, that it was not open to the defendant, a business corporation, to urge as against the plaintiff the defence of *ultra vires*, or of non-ratification by its stockholders, under the circumstances of this case. *Eakin* v. *Railroad Co.*, 3 Cent. L. J. 655; *Zabriskie* v. *Railroad Co.*, 23 How. 381; *Bissell* v. *City*, 24 How. 387; *Railroad Co.* v. *Howard*, 7 Wall. 392; *Pendleton Co.* v. *Amy*, 13 Wall. 297; *Bissell* v. *Railroad Co.*, 22 N. Y. 258; *Whitney Arms Co.* v. *Barlow*, 63 N. Y. 62.

It is unnecessary to consider whether the annual reports of the defendant were properly admitted in evidence. We have considered the case apart from them and the evidence derived from them, and, upon the proper theory of the plaintiff's case, they contained no element necessary to it.

The judgment is affirmed. All the judges concur.