## LANNING v. LOCKETT.*

*(Circuit Court, S. D. Georgia, W. D.   May 16, 1882.)*

1. LANNING v. LOCKETT, 10 FED. REP. 451, affirmed.
2. ISSUABLE DEFENCE—CONSTITUTION OF GEORGIA.

   A plea denying the plaintiff's title to the note sued on and right to sue thereon is an "issuable plea," within the meaning of the constitution of Georgia; and where evidence was offered by both parties upon the trial of such plea (no other being interposed) a verdict of the jury finding for the plaintiff the amount due on the note will not be set aside as violation of the provision in the constitution: "The court shall render judgment without the verdict of a jury in all civil cases founded on unconditional contracts in writing where an issuable defence is not filed under oath or affirmation."

3. STATE LAWS, HOW FOLLOWED—ISSUES OF FACT TRIED BY JURY.

   While the United States courts, in cases at law, follow as near as practicable the practice, pleading, forms, and modes of proceeding of the state courts of record, yet the constitution and laws of the United States require all issues of fact in common-law cases to be determined by a jury, unless the same is waived in writing by the parties.

This was a motion for new trial at law in the case reported in 10 FED. REP. 451, decided by Hon. John Erskine, district judge. The movants excepted to the rulings of the court which are there reported, on the question of the authority of a cashier of a bank to indorse, to the charge of the court on the plea of defendant, etc. It is unnecessary to refer more particularly to these rulings than to say that they were reviewed and affirmed by the circuit judge, who announced the decision of the court in the following written opinion.

*Willis A. Hawkins* and *Lyon & Gresham*, for movants.

*Bacon & Rutherford*, contra.

PARDEE, C. J. The plaintiff in this case, a citizen of the state of New York, brought this action against the defendant, a resident citizen of this division of the southern district of Georgia, alleging herself to be the holder and owner of a certain promissory note executed by the defendant in 1879, to the order of the Macon Bank & Trust Company, payable December 1, 1879, with interest after maturity, which note, being negotiable by the law merchant, the said Bank & Trust Company, for a valuable consideration, negotiated and transferred, and by written indorsement assigned, to plaintiff, whereby defendant became bound to and promised to pay plaintiff the amount thereof, etc.; concluding with the usual allegations and prayer in such cases. The defendant appeared and filed a plea to

*Reported by H. B. Hill, Esq., of the Macon bar.

the jurisdiction, on the ground that the Macon Bank & Trust Company was a citizen of this division of the district, and its assignee could not sue in the United States courts. To this a demurrer was filed, which on hearing was sustained by the court, the note sued on having been executed since the act of 1875. The defendant then filed what he called a plea and answer, in substance as follows:

"And for plea and answer makes it appear to the court that said suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, and the said plaintiff has no substantial interest in the result of said suit on said promissory note sued on; but that the name of said plaintiff is used by the Macon Bank & Trust Company, a corporation residing in the said southern district, for the purpose of creating a suit cognizable in said circuit court; all of which defendant is ready to verify, and puts himself on the country."

Afterwards defendant filed an amendment to the foregoing, setting forth more fully the following: That the plaintiff is not the owner of said note, neither now, before said suit was commenced, since that time, at that time, nor ever was, either in fact or in law; that the Macon Bank & Trust Company is now, and was at and before the commencement of the suit, the exclusive owner of said note; that the assignment of said note to said plaintiff was colorable and fraudulent, solely to give this court jurisdiction; that the plaintiff has no interest whatever in said note, or the money alleged to be due thereon, but is prosecuting said suit solely for the exclusive benefit of said Macon Bank & Trust Company. The said amendment concludes by alleging that the court has no jurisdiction, and going to the country. Both the original and amendment, though pleaded by counsel, are verified by the defendant in person. To these pleas or defences plaintiff filed a general demurrer, which, on hearing, was overruled because it was a general demurrer, and not a special demurrer. Thereupon, at the last term of the court, a jury was called, and a trial had on said pleas. The jury found for the plaintiff in the full amount of the note, principal and interest. A new trial, on very many grounds, was then prayed for, and the motion was continued to this term.

All the foregoing proceedings were had before the honorable district judge presiding in the circuit court. At this term the motion for a new trial has been heard before the court, the circuit judge presiding.

We have carefully examined the pleadings in the case, the evidence submitted to the jury, the charge of the judge to the jury, the exceptions to the judge's charge and refusals to charge, and the verdict

of the jury. We find that the evidence supports the verdict; that the judge's charge, if prejudicial at all, was in favor of the defendant; and that in refusing to charge as defendant's counsel requested the judge was correct. And we conclude that none of the many grounds alleged by the defendant's counsel in support of the motion for a new trial are well taken. The only one that needs any discussion at all, and seemingly the only one relied upon by the learned counsel for the defendant,—at least, the only one supported by any authorities,—is whether the case was at issue on the merits; whether there was any issuable defence; whether the aforesaid plea as amended was a plea in abatement or a plea in bar.

The plea denies that the plaintiff is the owner of the note sued on; that she has any title to it whatever; that she has any interest whatever in it, or in the money alleged to be due upon it; and that she has no right to recover upon it. True it is that other matters are alleged, and other conclusions therefrom drawn, but still the case shows, using the language of the supreme court in *Pendleton County* v. *Amy*, 13 Wall. 303, "that it was material to the plaintiff's case to aver as she did that she was the owner, (bearer,) and the plea took issue with this averment. It denied the title of the plaintiff, or her right of action, and, though faulty in form, in substance it amounted to a defence."

The counsel for defendant seem to labor under the impression that their plea was one solely to the jurisdiction of the court, and it is likely that such a plea was all they intended. But it is doubtful whether, in any event, the matters relied upon by them, to-wit, a simulated transfer to give the court jurisdiction, can be otherwise pleaded than as a defence to the action.

The jurisdiction of this court depends upon the amount involved, the citizenship and the character of the parties, and the nature of the demand or cause of action. In suits upon promissory notes negotiable by the law merchant the jurisdiction depends solely upon the amount involved and the citizenship of the parties. In a controversy between a citizen of New York and a citizen of this district, to recover the amount of a promissory note of over $500 negotiable by the law merchant, this court has jurisdiction to hear and determine the rights of the parties. If, in any such suit at any time after it has been brought, it shall be made to appear to the satisfaction of the court that such suit does not really and substantially involve a controversy properly within the jurisdiction of the court, or that the parties have been improperly or collusively made or joined for the

purpose of creating a case cognizable in the United States courts, the court dismisses the suit, because, having jurisdiction to determine the rights of the parties, it determines that the party dismissed has no right. But be this question of raising the points allowed to be made against an action under the sixth section of the act of 1875, whether by plea to the jurisdiction or by plea in bar, as it may, it seems to be clear that any plea that denies a material averment of the plaintiff— one that is material for him to aver and prove in order to maintain his action—is, of necessity, an issuable defence.

It has been held that in a suit brought by an administrator, a denial of his capacity as such administrator may be pleaded in bar. See 9 Wall. 394. And the reason may be easily seen: if he is not administrator he has no right to recover at all; his action is forever defeated.

The case of *Lester* v. *Ins. Co.* 55 Ga. 478, cited by counsel for defendants, was a case where no appearance whatever was made by the defendant; and the point decided was with reference to the power of a jury under the constitution of the state of Georgia. Code, § 5091.

The case of *Jordon* v. *Corter*, 60 Ga. 443, is on the same point. But it is well to notice that while in the United States courts, in cases at law, we follow as near as practicable the practice, pleadings, and forms, and modes of proceeding, of the state courts of record, yet the constitution and laws of the United States require all issues of facts in common-law cases to be determined by a jury, unless the same is waived in writing by the parties; and the case of *Lester* v. *Ins. Co.* *supra*, which the supreme court of Georgia decided to have been illegally submitted to a jury, would in this court have been necessarily submitted to a jury to assess the amount of damages claimed.

The case of *Sheppard* v. *Graves*, 14 How. 505, criticises and reprehends loose and incongruous practice, with all of which we agree as applicable to this case but we have to do here as the supreme court did there—take the pleadings as the parties have made them, and determine the rights of parties thereunder. That case shows nothing inconsistent with our views in this case.

In conclusion, we notice that counsel for both plaintiff and defendant must have understood that the case was tried by the jury on its merits. In overruling the demurrer to the pleas the judge said: "Looking to the plea and amendment, it cannot properly be called a plea to the jurisdiction, though possibly it does contain some of the

ingredients of a plea of that kind; yet, taking it as a whole, it is in my judgment in effect a plea in bar of the action, and I shall treat it as a plea in bar." And in the written memorandum of the charge to the jury we find the following: "As to the form of the verdict, I agreed with counsel for plaintiff and defendant that if the jury found against the pleas of defendant the verdict should be in favor of plaintiff against defendant for principal and interest on note; and that if the jury found in favor of the pleas, the verdict should be, 'We find in favor of defendant's pleas;'" and no objection was made to this instruction.

And finally there is no showing made that the defendant has any just defence to the action in order to move the discretion of the court to relieve him of the verdict and judgment againt him.

The motion for a new trial is overruled and discharged.

Judge ERSKINE, the district judge, concurs in this opinion.

See *Taylor* v. *Ypsilanti*, notes of cases, *post*.