## Ellis *et al.* v. Outler *et al.*

No. 322. Opinion Filed January 11, 1910.

(106 Pac. 957.)

1. APPEAL AND ERROR—Reversal—Failure to File Brief. Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any axcuse for such failure. this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignment of error, the court may reverse the case in accordance with the prayer of the petition of plaintiff in error.

2. MANDAMUS—Service of Original Writ—Contempt. The original writ in an action of mandamus should be served, and not a copy; and, in a case where a copy only is served, and a motion to quash the same is overruled, all acts had or done thereunder are without jurisdiction, and a disobedience of any requirement of such copy will not constitute a basis of punishment for contempt. Comp. Laws Okla. 1909, c. 87, art. 32, sections 6229, 6230.

3. APPEAL AND ERROR—Dismissal — Hypothetical Cases. The Supreme Court will not decide abstract or hypothetical cases

disconnected from the granting of actual relief, or from the determination of which no practical result can follow.

Williams, J., dissenting in part.

(Syllabus by the Court.)

*Error from District Court, Murray County; R. McMillan, Judge.*

Action by J. B. Outler and others against Theodore H. Ellis and others. Judgment for plaintiffs, and defendants bring error. Remanded, with directions to dismiss.

*Chas. B. Emanuel,* for plaintiffs, in error.—Citing: Moses on Mandamus, p. 225; *State v. King,* 29 Kan. 607; *State ex rel. v. Board,* 22 Wis. 396.

DUNN, J. Counsel for defendants in error filed no brief in this case, and have given no reason for their failure to do so, although the brief of counsel for plaintiffs in error was prepared, printed and duly served upon them. Under these circumstances this court is not required to look to the record to ascertain upon what possible theory the judgment of the trial court might be sustained, but will exercise the option given it under rule 7 (20 Okla. viii, 95 Pac. vi). The claim of counsel for plaintiffs in error in his brief that no service of the writ of mandamus issued herein was made upon his clients, who were defendants in the court below, other than by an alleged copy of the same, and that such service is void, and will not give jurisdiction to the court over the persons of defendants in error, seems to be well taken, and is supported by the authorities. Moses on Mandamus, c. 26 pp. 222, 225; *State v. King et al.,* 29 Kan. 607; *State ex rel. v. Board of Supervisors of Mineral Point,* 22 Wis. 396; *Hempstead v. Underhill,* 20 Ark. 337; *Commonwealth v. Brady,* 6 Phila. (Pa.) 121; *State v. Elkinton et al.,* 30 N. J. Law, 335; *Board of Com'rs of Clarke County v. State ex rel. Lewis,* 61 Ind. 75; *Potts v. State ex rel. Ogg,* 75 Ind. 336.

The statutes of the state of Kansas and those of Oklahoma upon this subject are the same. See article 32, c. 87, Comp.

Laws Okla. 1909. In the case of *State v. King et al.* the identical question was presented as is before us in this case, and the court construing the language of this law, speaking through Mr. Justice Valentine, in holding the service of the writ void, said:

"The next question is whether the service of the writ upon the defendants was valid or not. This question must be answered in the negative. The statute contemplates that the writ shall be served by delivering the writ itself to the defendant to the court. No mere copy of the writ is sufficient in either case. This was also the rule at common law. Section 690 of the Civil Code [Gen. St. 1868, c. 80] provides that the writ shall command the defendant 'that, immediately upon receipt of the writ, or at some other specified time,' he shall obey its mandates, 'and that he then shall return the writ with this certificate of having done as he is commanded.' Of course, the defendant could not be in 'receipt of the writ' unless it was delivered to him; nor could he 'return the writ' unless he had previously received the same. He could not 'return the writ' if he had never received anything but a mere copy of the same. Section 693 of the Civil Code provides that 'the writ must be served personally upon the defendant; if the defendant, duly served, neglect to return the same, he shall be proceeded against as for a contempt.' Now the defendant could not 'return the writ' if he had never seen the same nor had it in his possesion. He could not 'return the same' if he had never had anything but a mere copy of 'the same' in his possession. And while the section provides that the defendant may be proceeded against as for a contempt if he neglect on his part to return the original writ, yet it does not provide for any proceeding against him, or for any punishment, for any failure or neglect on his part to return a copy of the original writ. And while the defendant may commit a contempt by failing to obey the mandates of the original writ, he could not, under any statutes of Kansas, be held to be in contempt for failing to obey the mandates of a mere copy of the original writ."

The supreme Court of the state of Wisconsin, with this same question before it, speaking through Mr. Justice Dixon in the case of *State ex rel. Havemeyer v. Board of Supervisors of the Town of Mineral Point, supra,* said:

"On examining the sheriff's return we find that there has

been .no service of the writ as required by law. The service was by copy of the writ delivered to each of the supervisors; the sheriff having returned the writ itself to this court with his certificate of service indorsed thereon. The writ, as it should be, is directed to the supervisors of the town, and requires them to make return of it to this court with proceedings thereon, so that it may be known that the writ has been executed, and the manner of its execution shown. The service should therefore have been made by delivering the writ to the chairman of the board of supervisors, 'he being the most visible part of the corporation' or board of officers to whom the same is directed, and by delivering a copy to each of the other supervisors."

It therefore follows that the fine for contempt assessed on defendants by the district court was laid without jurisdiction of their persons, and the judgment of the trial court is reversed; and, as the time has expired when any judgment which could be rendered in the action proper would afford any actual relief, the cause is remanded to the district court of Murray county, with instructions to dismiss the same. *Harman v. Burt,* 20 Okla. 509, 94 Pac. 528; *Parker v. Territory ex rel. Bostick,* 20 Okla. 851, 94 Pac. 175.

Kane, C. J., and Hayes and Turner, JJ., concur; Williams, J., dissents as to paragraph 1 of the syllabus.