## SCHOOL DISTRICT NO. 39, POTTAWATOMIE COUNTY v. SHELTON.

No. 469.    Opinion Filed May 10, 1910.

(109 Pac. 67.)

1.   **APPEAL AND ERROR—Reversal—Failure of Defendant in Error to File Brief.** Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of the court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained, and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

   Williams, J., dissents.

2.   **SCHOOLS AND SCHOOL DISTRICTS—Contracts with Teacher—Enforcement.** The power to make or alter contracts for a school district is vested in a board of directors, and in order to bind the district and to make or alter a valid contract in respect to the hiring of teachers, it is necessary that the members of the board act as a board in its capacity as such. In such a case the acts and declarations of individual members of the board, independent and apart, will not create a contract enforceable against the district.

(Syllabus by the Court.)

*Error from Pottawatomie County Court; E. D. Reasor, Judge.*

Action by Lettie Shelton against School District No. 39, Pottawatomie County. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Dudley B. Madden* (*W. L. McFall,* of counsel), for plaintiff in error.—Citing *Board of Com'rs v. Sewell,* 3 Okla. 281, and *Kane v. School Dist.,* 5 Kan. App. 260.

DUNN, C. J.   This case presents error from the county court of Pottawatomie county. Plaintiff in error within due time completed its record and filed it with its petition in error in this court and has prepared, served, and filed a brief in compliance with the

rules of this court. This brief was filed November 5, 1908, but counsel for defendant in error have filed no brief in support of the judgment obtained in the trial court, nor have they offered any excuse for their failure. In such a case the rule which we have uniformly followed in this court is that:

"Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of the court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained, and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error." (*Reeves & Co. v. Brennan,* 106 Pac. 959; *Buckner v. Oklahoma Nat. Bank, et al.,* 106 Pac. 959; *Ellis et al. v. Outler et al.,* 106 Pac. 957; *Butler et al. v. McSpadden,* 107 Pac. 170 [cases reported in 25 Okla.]).

An examination of the brief so filed appears to reasonably sustain the assignments of error made therein, and justifies us in a reversal of the case. We do not, however, reverse the case on this ground alone, but have examined with care not only the questions presented by the brief, but have read the entire record and from it we conclude that the case should also be reversed on its merits. The action is one brought by defendant in error, a school teacher, against plaintiff in error, a school district, to recover damages for a breach of a teacher's contract. It appears that defendant in error engaged herself in a written contract to teach the district school for a term of five months, two months during the summer and the balance of the time during the fall and winter. She entered into her engagement thus made and taught the school for something like 10 days, when on being taken sick and the weather being extremely hot she appeared before the board, drew her salary for the time served, and the board employed with her consent another teacher to complete the summer session, as it may be denominated. She had some conversation with several members of the school board at different times and places in which she contends that they agreed to permit

her to teach the winter term of three months as provided in the contract, but no evidence was offered on her part to show that any such understanding was ever made with the board of directors as a board. So that at the conclusion of the testimony offered by plaintiff, so far as the school board was concerned in its official capacity, she had abandoned her contract. The board afterward employed another teacher under another contract to teach the winter term of school, and, on her presenting herself, declined to permit her to teach, whereupon she sued for her salary under the contract. To the testimony thus tendered defendant demurred, which was by the court overruled. In this we believe the court erred.

The Supreme Court of Kansas in the case of *Aikman v. School District No. 16,* 27 Kan. 129, said:

"It is an elementary principle that when several persons are authorized to do an act of a public nature, which requires deliberation, they all should be convened, because the advice and opinions of all may be useful, though all do not unite in opinion. 'It may be that all will not concur in the conclusion, but the information and counsel of each may well effect and modify the final judgment of the body.' *P. & F. R. Ry. Co. v. Com'rs of Anderson Co.,* 16 Kan. 309. We think in view of the elementary principles applicable to the duty of a body like the school district board, consisting of several persons authorized to do acts of a public nature, where the power to contract with the person seeking employment as a teacher is vested by the statute in the 'board,' that all must meet together, or be notified to meet together or have the opportunity of meeting together, to consult over the employment of the teacher, before a contract can be legally entered into by them so as to bind the district. Certainly two members would have no right to exclude the third from consulting or acting with them, and although it is not necessary that all of the members of the board should be present at a board meeting, or that all of the members should concur in the making of the contract in order to bind the district, yet the contract should be agreed upon at a meeting of the board where all are present, or have the opportunity of being present. The reasons for requiring a board meeting for all actions requiring deliberation and judgment are manifest and manifold. Many of the reasons are stated in *Railway Co. v. Com'rs, supra.* The statute does not vest

the powers of the district in three persons, but in a single board, called the district board. *Whitford v. Scott,* 14 How. Prac. [N. Y.] 302; *Lee v. Parry,* 4 Denio [N. Y.] 125; *Keeler v. Frost,* 22 Barb. [N. Y.] 400; *Story v. Furman,* 25 N. Y. 214."

From the foregoing considerations it will be seen that no binding arrangement could be entered into by the teacher with the several members of the board separate and apart, which would bind it and the district. There was no evidence offered on the part of defendant which supplied any deficiency in the evidence offered on the part of plaintiff, hence, on both grounds the judgment of the court below is reversed and the case remanded.

KANE, HAYES, and TURNER, JJ., concur; WILLIAMS, J., dissenting as to paragraph No. 1 of syllabus, concurs in balance of opinion.