DOYLE *et al.* v. SCHOOL DIST. NO. 38, NOBLE COUNTY, *et al.*

No. 1129. Opinion Filed October 10, 1911.

(118 Pac. 386.)

1. APPEAL AND ERROR—Failure to File Brief—Reversal. Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief, in compliance with the rules of the court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

2. SCHOOLS AND SCHOOL DISTRICTS—Employment of Attorneys —Compensation. Two members of a school district board, without holding a meeting of the board, employed counsel to defend the district in actions brought against it in the district court. The litigation terminated successfully; the results were beneficial; and the benefits were enjoyed by the district. No objection was ever made to the employment until after the litigation had terminated; no charge of fraud was made; no fraud was intended and none committed; the value of the services was not disputed. **Held**, that the district will not be permitted to accept the benefits of such employment, and then be heard to urge the plea of *ultra vires*, but will be deemed to have ratified the irregular employment, and therefore bound to pay a reasonable price for the same.

(Syllabus by Robertson, C.)

*Error from District Court, Noble County; W. M. Bowles, Judge.*

Action by Thomas H. Doyle and Parker W. Cress against School District No. 38, Noble County, and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

Action begun in the justice court of Noble county, on May 8, 1906, by Doyle & Cress, partners, as plaintiffs, to recover the sum of $75, as an attorney's fee, alleged to be due them for certain professional services rendered said school district. It appears that, at the time of the commencement of said suit, and prior thereto, one Richard Hansing was director, and Oby Olson was treasurer, and S. P. Myers was clerk, of said district; that a dispute arose among members of the board concerning the employment of a teacher and the conduct of the school; that Olson and Myers took one view of the controversy, and Hansing took another. Hansing took his troubles into court, and sought to enjoin the board from making and entering into a contract with a teacher, which said suit was against Olson and Myers, the other members of the board, in their official capacity. Olson and Meyers being in the majority, made a contract with the plaintiffs in error to defend the district against the suit brought by the director. The records of the clerk's office fail to show any formal or express contract, made and entered into by and between the district and plaintiffs in error, although the clerk who was in possession of the office at the time of the trial testified that many papers were missing from the office. However, the employment of plaintiffs in error by the clerk and treasurer was not denied; nor was the amount, character, or value of the services rendered. The only defense offered, and the grounds upon which the judgment of the district court was based, being: "That no meeting of the district board had been called for the purpose of employment of said plaintiffs." The cause was tried in the district court of Noble county on the 12th day of September, 1908 (the appeal having been taken prior to statehood), and resulted in a judgment in favor of the school district, on the grounds that said district was not liable to plaintiff, for the reason that the contract of employment between said district and plaintiffs, not being made at a regular, or called, meeting of the school district board, was therefore *ultra vires* and void, and that plaintiffs could not recover. From the judgment of the district court, plaintiffs in error bring this appeal, and ask that the

judgment be reversed, and that a judgment be rendered in their favor.

*Parker W. Cress,* for plaintiffs in error.

Opinion by ROBERTSON, C. (after stating facts as above). Plaintiffs in error, in accordance with the rules of this court, have completed an appeal and filed an exhaustive and able brief in support of the errors complained of, and, although more than a year has elapsed since the filing of their brief, the defendants have failed to file any brief in support of their judgment; nor have they offered any excuse for their failure to do so. The following rule of this court is therefore applicable:

"Where plaintiff in error has completed his record, and filed in this court, and has served and filed a brief in compliance with the rules of the court, and defendant in error has neither filed a brief, nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained, and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of the plaintiff in error."

*Reeves & Co. v. Brennan,* 25 Okla. 544, 106 Pac. 959; *Sharpleigh Hwd. Co. v. Pritchard,* 25 Okla. 808, 108 Pac. 360; *Ellis v. Outler,* 25 Okla. 469, 106 Pac. 957; *Buckner v. Bank,* 25 Okla. 472, 106 Pac. 959; *Butler v. McSpadden,* 25 Okla. 465, 107 Pac. 170; *School District Number 39, etc., v. Shelton,* 26 Okla. 231, 109 Pac. 67, 138 Am. St. Rep. 962. See, also, *Bank of Grove v. Dennis et al., ante,* 118 Pac. 570. We have carefully examined the brief of plaintiffs in error, as filed, and it appears to reasonably sustain the assignments of error found in the petition, and justifies a reversal of the case. We do not, however, render a judgment of reversal on this ground alone, but from a careful examination of the entire record conclude that the case should be reversed on its merits.

It appears from the record that a majority of the members of the school district board employed plaintiffs in error to represent the district in certain actions then pending against it in

the district court of Noble county. No objection to the employ-
ment was made by any one, and no criticism of the services per-
formed has been offered; on the contrary, the services of plain-
tiffs in error were valuable and beneficial to the district, both
suits having been decided in its favor in the district court, and
the school district accepted the benefits of such services, but
now refuses to pay for same because "the contract of employ-
ment was not made at a regular, or called, meeting of the school
district board." The general rule in this state in regard to making
and altering contracts by a school district board is well stated
in *School District No. 39, etc., v. Shelton*, 26 Okla. 229, 109 Pac.
67, 138 Am. St. Rep. 962, where Mr. Justice Dunn, speaking
for the court, used the following language:

"The power to make and alter contracts for a school district
is vested in a board of directors, and in order to bind the district
and to make or alter a valid contract in respect to the hiring of
teachers it is necessary that the members of the board act as
a board in its capacity as such. In such a case the acts and
declarations of individual members of the board, independent
and apart, will not create a contract enforceable against the dis-
trict."

While this, without doubt, states the general rule of law ap-
plicable to districts in making contracts with teachers, which
contracts the statute requires to be in writing, it does not at-
tempt to say, nor does it, that a district will not be bound to pay
the reasonable value of services rendered in its behalf, which
services were of benefit to the district, and which were accepted
by the district. In the case at bar, the district stood in need of
the services of attorneys; the services of plaintiffs in error were
secured; they performed the necessary work in a satisfactory
manner; the district accepted the benefits of said services; there
was no fraud intended and none committed; the evidence shows,
and it is admitted, that said services were worth the sum of $75.
Shall the district now be heard to say that plaintiffs in error are
not entitled to compensation for the services rendered? Again,
this is a fully executed, as distinguished from an executory, con-
tract. Nor do we for a moment contend that an executory agree-

ment under like or similar circumstances could be enforced. But to permit this school district to accept the services, and reap the benefits of the successful efforts of plaintiffs in error, and then refuse to pay for the same simply on the ground that no binding contract had been made prior to the rendition of said services, and the failure to make such formal contract, as in the case at bar, being occasioned by reason of the carelessness of the school district officials to meet formally and make a record of the same, is abhorrent to our sense of justice and fair dealing. The act of the two members of the school district board in employing plaintiffs in error has been fully and completely ratified by the school district by the acceptance of their services, and the enjoyment of the benefits secured to the district by their efforts. In coming to this conclusion, we are not unmindful of the long and unbroken line of decisions which hold that quasi public corporations cannot be held liable on implied contracts; with all of which we most heartily agree. But this case presents an exception to the general rule, in that a full and complete ratification has been given by the school district to the irregular acts of the two members of the school district board. This question has been up for consideration in many of our sister states, and the rule seems now to be well settled that, when a quasi public corporation receives and retains the benefits of an irregular contract, made by the members of the school district board, acting separately, without any board meeting, it shall be deemed to have ratified the same, and must pay for the services, or other property, so obtained for its use.

In *Union School Furniture Co. v. School Dist. No. 60, etc.,* 50 Kan. 727, 32 Pac. 368, 20 L. R. A. 136, the court, speaking through Mr. Justice Allen, says:

"A school district which has received, retained, and used for a long period of time school furniture bought for it by the members of the school district board, acting separately, without any board meeting, must be deemed to have ratified the purchase, and must pay for the property so obtained for its use."

And in *Sullivan v. School Dist. No. 39,* 39 Kan. 347, 18 Pac. 287, it was held that a contract for the construction of a school-

house, made by one member of the school district board alone, on behalf of the district, might be ratified and made binding. on the whole school district. That case was again before the Supreme Court of Kansas in 48 Kan. 624, 29 Pac. 1141, where it was said:

"A contract for building a schoolhouse, void because made only by one member of the school district board, may be ratified and made binding by the action of the school district in completing the building left unfinished by an absconding contractor; by furnishing the same with seats, desks, and other necessary schoolhouse furniture; by occupying the same for school purposes; and by insuring the same."

In *Sherman Center Town Co. v. Morris,* 43 Kan. 282, 23 Pac. 569, 19 Am. St. Rep. 134, it is said: "A corporation which has enjoyed the benefits of a contract cannot plead that it was *ultra vires,* where no fraud was intended or has been committed." And in the case at bar it is admitted by the school district that the services of plaintiffs in error were needed; that they were satisfactory to the district; that the benefits resulting from their efforts were accepted by the school district; and no charge of fraud has ever been made by any one, nor was there any intended or committed.

In 2 Mor. Corp. sec. 632, it is said:

"If a corporation has enjoyed the benefits of a contract, or other arrangement, made in good faith, with any of its regular agents, is is but fair that every reasonable presumption should be made, in order to hold the transaction binding upon the company."

See, also, *Sherman Center Town Co. v. Swigart,* 43 Kan. 292, 23 Pac. 569, 19 Am. St. Rep. 137.

In *Pendleton County v. Amy,* 13 Wall. 297, 20 L. Ed. 579, it is said by Mr. Justice Strong, speaking for the Supreme Court of the United States:

"A county issuing bonds to a railroad company in payment of stock in the road, which subscription the county was authorized by legislative enactment to make and pay for by the issue of the bonds only after certain things directed had been performed, may be estopped against asserting that the conditions attached to a grant of the power were not fulfilled. Where the issue of

bonds without such previous fulfillment would be a misdemeanor, by the county officers, it is to be presumed, though perhaps not conclusively, that the conditions were fulfilled. And an estoppel would take place where the county had received the proper amount of stock for which the bonds were issued, had held it for 17 years, and was actually enjoying it at the time when pleading want of authority to subscribe."

We think, under the facts of the case at bar, that the school district, having in the first instance the incidental power to employ counsel to defend and prosecute actions, and having failed to make the employment in a regular or legal manner, as a board, secured the services of a firm of lawyers, who rendered valuable services, the benefits of which were accepted by the district, and are still enjoyed by the district, and no objection of any kind has ever been made to their employment, will not now be heard to make the defense of *ultra vires,* but, on the contrary, will be deemed to have ratified the irregular employment, and therefore bound to pay a reasonable compensation for the same.

So believing, it therefore follows that the judgment of the district court of Noble county should be reversed, and the cause remanded, with instructions to enter a judgment in favor of plaintiffs in error in the sum of $75 and interest.

By the Court: It is so ordered.

All the Justices concur.