HAWKINS *et al.* v. WHITE *et al.*

No. 1309.   Opinion Filed January 9, 1912.

(120 Pac. 561.)

**APPEAL AND ERROR**—Failure to File Brief—Reversal. Where counsel for plaintiff in error, in conformity with the rules of this court, has prepared, served, and filed a brief, and there is no brief filed, and no reason given for its absence, on the part of defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by the Court.)

Williams, J., dissenting.

*Error from District Court, Murray County;*
*R. McMillan, Judge.*

Action by E. T. White and Claude Masters, administrators, against Eliza Jane Hawkins and another. Judgment for

Hawkins et al. v. White et al.

plaintiffs, and defendants bring error.    Reversed, with directions.

*J. V. Cabell* and *J. A. Bass*, for plaintiffs in error.

KANE, J.    This is an appeal from an order of the court below overruling a demurrer to the petition of the plaintiffs below, defendants in error here.    Counsel for plaintiffs in error have elaborately briefed the questions involved, but the defendants in error have not favored us with a brief.

We have examined the petition and the authorities cited by counsel for plaintiffs in error, and are of the opinion that the authorities cited support their contention.    It has been many times held by this court that, "where cousel for plaintiff in error, in conformity with the rules of this court, has prepared, served, and filed a brief,    *    *    *    and there is no brief filed, and no reason given for its absence, on the part of defendants in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error."

Upon the authority of those cases the judgment of the court below is reversed, with directions to sustain the demurrer to the petition, and give the plaintiff leave to plead over, if he so desires.

TURNER, C. J., and DUNN and HAYES, JJ., concur; WILLIAMS, J., dissenting.