## REYNOLDS-DAVIS & CO. v. HOTCHKISS.

No. 1312.   Opinion Filed March 12, 1912.

(122 Pac. 165.)

**APPEAL AND ERROR**—Review—Reversal—Failure of Defendant in Error to File Brief. Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of the court, and defendant in error has neither filed a brief nor offered any excuse for such failure, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the case in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by the Court.)

*Error from District Court, Sequoyah County;*
*Jno. H. Pitchford, Judge.*

Action by Reynolds-Davis & Co. against James E. Hotchkiss. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*T. S. Shackelford,* for plaintiff in error.

HAYES, J. This case presents for review the judgment of the court below dismissing plaintiff in error's action in that court. The motion to dismiss by defendant in error, defendant below, contains three alleged grounds for dismissal. The motion to dismiss was not verified, and the facts set forth in two of the grounds alleged in the motion are such as the trial court could not, and this court cannot, take judicial knowledge of, and re-

quired evidence to establish them. The case-made fails to disclose what, if any, evidence was taken at the hearing upon the motion, and what, if any, admissions were made by counsel at the hearing of the motion before the court. Counsel for plaintiff in error in his brief states that certain facts were admitted by all parties in presenting the motion to the court below, and briefs his case upon the theory that such facts are before the court. Plaintiff in error's brief supporting his assignments of error was promptly filed under the rules of the court; but, although this cause has been pending more than two years, defendant in error has filed no brief, nor does any reason appear for his failure to do so. We have examined the brief of plaintiff in error, and it seems to sustain both in argument and in the citation of authorities the assignment of error relied upon by him for reversal. We shall, therefore, not examine the record to ascertain if there is any possible theory upon which the judgment of the trial court can be sustained. *Rudd v. Wilson et al.,* 32 Okla. ——, 121 Pac. 252; *Butler et al. v. McSpadden,* 25 Okla. 465, 107 Pac. 170; *Ellis et al. v. Outler et al.,* 25 Okla. 469, 106 Pac. 957; *Buckner v. Okla. Nat. Bank of Shawnee et al.,* 25 Okla. 472, 106 Pac. 959; *Sharpleigh Hdw. Co. v. Pritchard et al.,* 25 Okla. 808, 108 Pac. 360; *Flanagan et al. v. Davis et al.,* 27 Okla. 422, 112 Pac. 990; *M., K. & T. Ry. Co. v. Long,* 27 Okla. 456, 112 Pac. 991.

The judgment of the trial court is reversed, and the cause remanded.

TURNER, C. J., and KANE and DUNN, JJ., concur; WILLIAMS, J., not participating.