## CHICAGO, R. I. & P. RY. CO. v. BOOHER.

No. 1438.    Opinion Filed May 15, 1912.

(124 Pac. 760.)

**APPEAL AND ERROR——Review—Failure to File Briefs—Reversal.**
Where a plaintiff in error has prosecuted an appeal with diligence, filed briefs in proper time, and otherwise conformed to the rules of this court, and the defendant in error has withdrawn the case-made from the files, and retained it for more than one year, has filed no brief, and has failed to return the case-made for several months, although requested often so to do, the case having been set for submission four successive terms and continued because of the absence of the record, the cause may be reversed and remanded for a new trial.

(Syllabus by Brewer, C.)

*Error from District Court, Marshall County;*
*D. A. Richardson, Judge.*

Action by Claude Booher, by his next friend, I. W. Booher, against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*C. O. Blake, H. B. Low, R. J. Roberts,* and *W. H. Moore,* for plaintiff in error.

*Randall & Randall,* for defendant in error.

Opinion by BREWER, C.   This cause was tried in the district court of Marshall county on the 21st day of April, 1909.   It resulted in a verdict and judgment for the defendant in error, from which the plaintiff in error filed petition in error and waiver of summons in this court on February 23, 1910, and filed briefs in support thereof, April 24, 1910.   Afterwards the attorneys for defendant in error were permitted to withdraw the case-made from the files of this court.   It has never been returned, nor have briefs been filed for defendant in error.   Beginning with October 2, 1911, numerous requests have been made for the return of the case-made.   The cause was set for oral argument and submission at the November term, and was continued because of the absence of the record.   It was again set for oral argument and submission for the January term, and was again continued on account of the absence of the record.   It was again set for oral argument and submission at the March term, the record still missing and charged to the defendant in error.   An order was made March 19th, continuing the cause for the term; the same to be reversed at the succeeding term, unless the record should be returned by that time.   The cause was again set for the May term, for oral argument and submission, and assigned for hearing on May 15, 1912.

As will be seen from the foregoing statement, this case has been pending in this court for more than two years on appeal. The defendant in error has had the original case-made in his possession for more than one year.   He has been repeatedly asked by letter and by telegram to return the same.   The cause has been set four different terms, the plaintiff in error being present, and with briefs on file, each time.   The defendant in error has not appeared at either of the settings, although one of the attorneys for defendant in error has talked with members of the court, and advised them that the record had been misplaced or

lost. No offer or suggestion to substitute the record has been made.

Under this situation, and in the absence of the record, it is impossible for this court to investigate the case, or determine whether there was error in the proceedings of the trial court or not; and inasmuch as the plaintiff in error has prosecuted this appeal with diligence, and complied with all the rules of this court, and the present situation and loss of the record has been brought about by the defendant in error, who is also in default as to briefs, the cause should be reversed and remanded for a new trial. *Whitely v. St. L., E. R. & W. Ry. Co.,* 29 Okla. 63, 116 Pac. 165; *J. W. Ripey & Son v. The Art Wall Paper Mill,* 27 Okla. 600, 112 Pac. 1119.

By the Court: It is so ordered.