## MIDLAND ELEVATOR CO. v. HARRAH.

No. 3771.  Opinion Filed October 27, 1914.

(143 Pac. 1168.)

**APPEAL AND ERROR—Scope of Review—Failure to File Brief.**
Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of the court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by Harrison, C.)

*Error from District Court, Oklahoma County;*

*W. R. Taylor, Judge.*

Action by the Midland Elevator Company against Frank Harrah on a promissory note. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*S. A. Horton,* for plaintiff in error.

*Giddings & Giddings,* for defendant in error.

Opinion by HARRISON, C. This action was begun in March, 1911, by the Midland Elevator Company against Frank Harrah on a promissory note for the sum of $287.50. The defendant answered, by alleging that the note sued on was given in consideration of a bucket shop contract for the future delivery of corn, and was therefore void. The cause was tried in October, 1911, and a verdict and judgment rendered in favor of defendant, and from such judgment and order overruling motion for new trial the plaintiff appeals upon three principal propositions, to wit: That the allegations in the answer were insufficient to constitute a defense against the note; errors of the

court in reception and rejection of testimony under the answer; and the overruling of the demurrer of plaintiff to defendant's evidence.

These three propositions are presented together, under the assignment that the court erred in overruling plaintiff's motion for new trial. Plaintiff in error, in compliance with an order of court as to the filing of briefs in this cause, filed its brief setting up the grounds upon which it sought reversal. The defendant in error failed to file a brief or to offer any excuse for such failure. Under the evidence quoted from the record in plaintiff in error's brief and the authorities cited as applicable to the facts and questions of law presented in said brief, the propositions presented by plaintiff in error seem to be reasonably well supported. This court has repeatedly held that:

"Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of the court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error."

*Phillips v. Rogers,* 30 Okla. 99, 118 Pac. 371; *Doyle v. School District No. 38,* 30 Okla. 81. 118 Pac. 386; *Bank of Grove v. Dennis,* 30 Okla. 70, 118 Pac. 570; *Hawkins v. White,* 31 Okla. 118, 120 Pac. 561; *Reynolds-Davis & Co. v. Hotchkiss,* 31 Okla. 606, 122 Pac. 165; *C., R. I. & P. Ry. Co. v. Booher,* 34 Okla. 64, 124 Pac. 760.

Under this line of authorities, and inasmuch as plaintiff in error's contentions seem to be reasonably sustained, the judgment should be reversed, and the cause remanded.

By the Court: It is so ordered.