## MESSER & WESTBROOK v. WHITE SEWING MACH. CO.

No. 4363.  Opinion Filed June 8, 1915.

Rehearing Denied July 6, 1915.

(149 Pac. 1097.)

1. **APPEAL AND ERROR—Failure to File Brief—Reversal.** Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief, in compliance with the rules of this court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the plaintiff in error, or the rights of the parties.

2. **SAME—Duty to File Briefs.** Counsel should understand that the work in this court is extremely heavy, and every member of the court is making special effort to get the work as nearly up to date as possible. They must also know that it takes much more time for a stranger to a case and record to pass upon the facts and settle the questions of law than it does the lawyer who tried the case and is familiar with every branch and detail of it; besides, it is a duty counsel owe to the court, as well as to clients, and they should not attempt to unload their work, nor shift their responsibility upon the court. This court has always been extremely patient and lenient with counsel in all things, and especially in the matter of filing briefs, and there appears to be no reason nor excuse for defendant's failure to file briefs in this case, especially since the time had been extended and the case held up for 30 days for that express purpose. The court will exercise its discretion under the rule and reverse the case and remand it for new trial.

(Syllabus by Robberts, C.)

*Error from District Court, Choctaw County;*
*Summers Hardy, Judge.*

Action by Messer & Westbrook, a partnership composed of C. G. Messer and W. W. Westbrook, against the White Sewing Machine Company, a corporation. Judg-

ment for defendant, and plaintiffs bring error. Reversed and remanded for new trial.

S. A. Downs, for plaintiffs in error.

Cocke & Willis, for defendant in error.

Opinion by ROBBERTS, C. This case was commenced in the district court of Choctaw county by the plaintiffs in error against the defendant in error, to recover damages upon breach of contract. Plaintiffs in error filed their briefs on the 12th day of April, 1915, and service of same was had upon defendant in error prior to the 20th of April. The defendant having failed to file its brief within the 30 days allowed under the rules of practice, time was extended to June 2, 1915. Up to this 5th day of June, defendant is still in default in filing briefs, and no reason or excuse has been offered, nor has request for further time been made. This case was tried by the court and jury, and, after the plaintiffs had introduced their testimony and rested, the court sustained a demurrer to the evidence and directed a verdict for the defendant. It is contended in plaintiffs' brief: That in the month of August, 1909, the plaintiffs entered into an oral contract with defendant, in which it was agreed that plaintiffs were to have the exclusive right of sale of the White Sewing Machine in certain counties in Oklahoma. That said contract was made with J. H. Eckols as the agent of defendant, and plaintiffs operated under said contract for several months, and were fully recognized by defendant as its agents, and defendant carried out and complied with the terms of said contract until the month of March, 1911, at which time a new or additional contract was entered into between the parties, and at that time it seems a written order for a large number of machines was taken from plaintiffs by the agent of defendant, or some person

claiming to represent the defendant. A controversy seems to have arisen between the parties, and defendant did not ship the machines ordered, but permitted other representatives to sell other sewing machines manufactured by defendant in said territory, thereby breaching its contract with plaintiffs, for which they seek to recover judgment for their damages, by reason of such breach.

The court sustained the demurrer and directed a verdict apparently on the theory that there was no evidence tending to show that the party with whom the plaintiffs made the contract was the agent of defendant, or had any authority to enter into such a contract binding the defendant. In plaintiffs' brief they endeavor to point out and show from the evidence and circumstances that said agent was authorized to act for and bind the defendant, and that the defendant by its many acts and former conduct and correspondence had ratified and approved said contract. Taking the plaintiffs' brief alone, standing as it does without any refutation or other explanation, it is made to appear that there was sufficient evidence to submit the question to the jury. We do not wish to be misunderstood as passing upon the question, but simply draw our conclusions from the statements in the brief of the plaintiffs in error. The defendant in error has seen fit to submit this case to the court without its assistance. In other words, it has asked this court to spend its time in searching the records, and hunting up the law in order that it might be able to sustain the judgment in its behalf, in the lower court. This we are not called upon to do. Rule 7 (38 Okla. vi, 137 Pac. ix) of this court provides that:

"The defendant in error shall, within 30 days after the service of the brief of plaintiff in error, file with the

clerk of this court 15 copies of his answer brief, and serve same upon plaintiff in error, * * * and, in case of failure to comply with the requirements of this rule, the court may continue or dismiss the cause, or reverse or affirm the judgment."

Counsel should understand that the work of this court is extremely heavy, and every member of the court is making special effort to get the work as nearly up to date as possible. And they must also know that it takes more time for a stranger to the case and record to pass upon the facts and settle the question of law than it does for the lawyer who tried the case, and is familiar with every branch of it; besides, it is a duty counsel owe to the court, as well as clients. This court has always been extremely patient and lenient in all things, and especially in the matter of filing briefs, and there is no reason for failure to file answer briefs in this case, and the court will exercise its discretion, under the rules of the court, *supra*, in reversing the case.

As said in *Taby v. McMurray*, 30 Okla. 602, 120 Pac. 664:

"When the defendant in error chooses not to aid this court with a brief, and the brief of the plaintiff in error appears reasonably to support the assignments of error, it is not the duty of this court to search the record with a view of ascertaining some possible theory on which the judgment may be affirmed."

"By rule 6 of this court, where the defendant in error in a civil cause fails to file a brief in support of the judgment attacked by the appeal, the court is given the discretion to either affirm or reverse the cause, and may reverse the judgment without examining the record." *(Nettograph Machine Co. v. Brown,* 19 Okla. 77, 91 Pac. 849.)

"Where counsel for plaintiff in error * * * has prepared, served, and filed a brief," as required by the

rules of this court, "and there is no brief filed and no reason given for its absence on the part of defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained, but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error." (*Butler v. McSpadden,* 25 Okla. 465, 107 Pac. 170; *Ellis v. Cutler,* 25 Okla. 469, 106 Pac. 957; *Buckner v. Oklahoma Nat. Bank,* 25 Okla. 472, 106 Pac. 959; *Reeves & Co. v. Brennan,* 25 Okla. 544, 106 Pac. 959; *Sharpleigh Hdw. Co. v. Pritchard,* 25 Okla. 808, 108 Pac. 360; *Butler v. Stinson,* 26 Okla. 216, 108 Pac. 1103; *School Dist. v. Shelton,* 26 Okla. 229, 109 Pac. 67, 138 Am. St. Rep. 962; *Flanagan v. Davis,* 27 Okla. 422, 112 Pac. 990; *Missouri, K. & T. Ry. Co. v. Long,* 27 Okla. 456, 112 Pac. 991; *Phillips v. Rogers,* 30 Okla. 99, 118 Pac. 371; *Doyle v. School Dist.,* 30 Okla. 81, 118 Pac. 386; *Bank of Grove v. Dennis,* 30 Okla. 70, 118 Pac. 570; *Hawkins v. White,* 31 Okla. 118, 120 Pac. 561; *Rudd v. Wilson,* 32 Okla. 85, 121 Pac. 252, Ann. Cas. 1914A, 485; *Reynolds, Davis & Co. v. Hotchkiss,* 31 Okla. 606, 122 Pac. 165; *First Nat. Bank v. Blair,* 31 Okla. 562, 122 Pac. 527; *Van Arsdale-Osborne Brokerage Co. v. Patterson,* 30 Okla. 113, 120 Pac. 933.)

The case should be reversed and remanded for new trial.

By the Court: It is so ordered.