**BUTTE et al. v. ROUTH et al.**

No. 7965—Opinion Filed Dec. 11, 1917.

(169 Pac. 891.)

**Appeal and Error—Briefs—Reversal.**
When the plaintiff in error has duly filed and served brief in compliance with the rules of this court, and defendant has neither filed brief nor offered excuse for failure so to do, this court will not search

the record to find some theory upon which the judgment may be sustained; but where the brief filed appears reasonably to sustain any assignment of prejudicial error, the judgment will be revers .

(Syllabus by Stewart, C.)

Error from District Court, Muskogee County; R. P. De Graffenried, Judge.

Action by Avery L. Routh against George C. Butte and others. Judgment for plaintiff, and defendants George C. Butte and S. H. Lattimore bring error. Reversed and remanded for a new trial.

George C. Butte and S. H. Lattimore, in pro tem.

Opinion by STEWART, C. Judgment was rendered in the district court of Muskogee county against George C. Butte, S. H. Lattimore, and Robert J. Boone in favor of Avery L. Routh as plaintiff. The defendants George C. Butte and S. H. Lattimore duly filed motion for new trial, which was overruled, with exceptions, and such defendants appeal to this court. On June 2, 1917, the plaintiff duly filed brief in this court setting forth the errors complained of, and argument in support thereof. The defendants in error Avery L. Routh and Robert J. Boone have neither filed brief nor offered excuse for failure to do so. More than six months have elapsed since the filing of the brief by plaintiffs in error. It is a well-established rule of this court that where the defendant in error chooses not to aid the court with a brief, offering no excuse for such failure, and the brief of the plaintiff in error reasonably supports error properly assigned, the judgment complained of will be reversed. Nettograph Machine Co. v. Brown, 19 Okla. 77, 91 Pac. 849; Taby v. McMurray, 30 Okla. 602, 120 Pac. 664; Butler v. McSpadden, 25 Okla. 465, 107 Pac. 170; Ellis v. Outler, 25 Okla. 469, 106 Pac. 957; Buckner v. Oklahoma Nat. Bank, 25 Okla. 47⁰. 106 Pac. 959; Sharpleigh Hdw. Co. v. Prichard, 25 Okla. 808, 108 Pac. 360; School Dist. v. Shelton. 26 Okla. 229, 109 Pac. 67, 138 Am. St. Rep. 962; Flanagan v. Davis. 27 Okla. 422, 112 Pac. 990; Missouri, K. & T. Ry. Co. v. Long, 27 Okla. 456, 112 Pac. 991; Phillips v. Rogers, 30 Okla. 99, 118 Pac. 371; Doyle v. School Dist., 30 Okla. 81, 118 Pac. 386; Bank of Grove v. Dennis, 30 Okla. 70, 118 Pac. 570; Hawkins v. White, 31 Okla. 118, 120 Pac. 561; Rudd v. Wilson, 32 Okla. 85, 131 Pac. 252, Ann. Cas. 1914A, 485; Reynolds, Davis & Co. v. Hotchkiss, 31 Okla. 606, 122 Pac. 165; First Nat. Bank v. Blair, 31 Okla. 562, 122 Pac. 527; Van Arsdale-Osborne Brokerage Co.

v. Patterson, 30 Okla. 113, 120 Pac. 933; St. L. & S. F. Ry. Co. v. Haworth, 48 Okla. 132, 149 Pac. 1086; Eckes v. Luse et al., 48 Okla. 155, 149 Pac. 905. From an examination of the brief of plaintiffs in error, we find that the instant case comes within the rule announced.

Under the authorities cited, the cause is reversed and remanded for a new trial.

By the Court: It is so ordered.