## BLACK v. HERCULES DEVELOPMENT CO.

No. 11633—Opinion Filed July 3, 1923.

(Syllabus.)

Appeal and Error—Failure to File Brief—Reversal.

Where the plaintiff in error has duly filed and served brief in compliance with the rule of the Supreme Court, and defendant has neither filed brief nor offered excuse for failure so to do, the Supreme Court will not search the record to find some theory upon which the judgment may be sustained; but where the brief filed appears reasonably to sustain any assignment of prejudicial error, the judgment will be reversed.

Error from District Court, Mayes County; G. M. Barrett, Judge.

Action by the Hercules Development Company against Robert W. Black. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

J. S. Severson, for plaintiff in error.

A. C. Hunt, and J. Howard Langley, for defendant in error.

BRANSON, J. This action was brought in the district court of Mayes county, Okla., by the Hercules Development Company against Robert W. Black, to recover a certain amount due under a contract made to drill a well for oil and gas. A trial was had to the court and jury in said county, resulting in a verdict and judgment in favor of the plaintiff therein, defendant in error here, and against the defendant there, the plaintiff in error here. The motion of the defendant for a new trial was overruled by the court, to which he saved his exceptions, and within the time provided by law, filed his petition in error, with case-made attached, in this court. The plaintiff in error, Robert W. Black, makes numerous assignments of error for the reversal of the judgment of the lower court. Plaintiff in error filed his brief herein on March 21, 1923. No brief has been filed by the defendant in error, and no extension of time given to file the same, and no request for an extension of time to file brief, and no reason assigned why brief has not been filed.

In numerous cases decided by this court, the rule as announced in the case of Butte v. Routh, 66 Okla. 320, 169 Pac. 891, has been approved. The rule is this: Where the plaintiff in error has duly filed and served brief in compliance with the rule of the Supreme Court, and the defendant in error has never filed nor offered excuse for failure so to do, the Supreme Court will not search the record to find some theory upon which the judgment may be sustained; but where the brief filed appears reasonably to sustain any assignments of prejudicial error, the judgment will be reversed.

Following this rule, the judgment of the trial court in this cause is reversed, and the cause is remanded to that court.

JOHNSON, C. J., and KENNAMER, HARRISON, and MASON, JJ., concur.