## BAILEY v. SMITH.

No. 12131—Opinion Filed Nov. 27, 1923.

### Appeal and Error—Absence of Answer Brief —Reversal.

When the plaintiff in error has filed briefs in this court as required by Rule 7,

and the defendant in error has neither filed answer briefs nor assigned any reason for his failure so to do. this court is not required to examine the record for the purpose of discovering some theory upon which to sustain the judgment of the court below, and if the brief of the plaintiff in error reasonably sustains the assignments of error therein contained and set forth, this court will reverse the judgment and grant a new trial in its discretion.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Pottawatomie County; Clarence Robinson, Judge.

Action by T. H. Smith, Jr., against Ed Bailey to recover money paid as part of purchase price of an automobile. Judgment for T. H. Smith, Jr., and Ed Bailey appeals. Reversed and remanded.

Wyatt & Waldrep, for plaintiff in error.

Reily & Carlton, for defendant in error.

Opinion by RUTH, C. This cause was originally filed in the court of the justice of the peace for Pottawatomie county by defendant in error, T. H. Smith, Jr., against the plaintiff in error, Ed Bailey, to recover $50 paid as a part of the purchase price of an automobile. The parties will be designated as they appeared in the court below.

It appears from the evidence that plaintiff purchased from the defendant an automobile, agreeing to pay $1,000 therefor, and paid on account on the 14th day of June, 1920, the sum of $50, and orally agreed to pay the balance of $950 on or before June 19, 1920.

From the judgment rendered in the justice of the peace court, the cause was appealed to the county court and tried to a jury. The issue was that defendant had agreed to secure a loan of $500 on the car and apply it on the balance due. This was denied by the defendant and evidence of the oral contract was introduced by both parties. At the conclusion of the evidence, the court directed the jury to return a verdict for the plaintiff. A motion for a new trial was filed and overruled and this cause was regularly brought here for review.

The plaintiff in error duly filed his briefs as required by Rule 7 of this court, and the defendant in error has neither filed briefs nor given any reason or excuse for his failure so to do.

"Where plaintiff in error has completed his record and filed it in the Supreme Court, and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for such failure. the Supreme Court is not required to search the record to find some theory upon which the judgment below may be sustained; but where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the case in accordance with the prayer of the petition of plaintiff in error." A. F. Shapleigh Hdw. Co. v. Pritchard, 25 Okla. 808, 108 Pac. 360 School Dist. No. 39, Pottawatomie County, v. Shelton, 26 Okla. 229, 109 Pac. 67; Butler v. Stinson, 26 Okla. 216, 108 Pac. 1103; Ellis v. Outer, 25 Okla. 469, 109 Pac. 957; Reeves v. Brennan, 25 Okla. 544. 106 Pac. 959; Buckner v. Oklahoma Nat. Bank, 25 Okla. 472, 106 Pac. 959.

The brief of the plaintiff in error examined, and as the same reasonably tends to support the assignment of error, the judgment of the court below should be reversed, with instructions to the trial court to grant a new trial.

By the Court: It is so ordered.