authorized to go to such an extent. High on Injunctions (1905 Ed.) sections 10 and 14; State v. Baker, 62 Neb. 840.

Having concluded that the order in question was, in effect. a mandatory injunction, we find that under section 415, Comp. Stat. 1921, the execution of a bond to secure the opposite party against damage by reason of the issue of the injunction became necessary. This provision is made mandatory by the statute. 32 C. J. 312; Offutt v. Wagoner, 30 Okla. 458; Van Vleet v. Stout (Kan.) 24 Pac. 960. This order should have been conditioned to become effective upon the execution and approval of the bond provided by statute. It is argued that no bond was necessary here because the charter of the city of Tulsa provided that in an action to which the city of Tulsa shall be a party no bond shall be necessary, but said city shall be liable as if such obligation had been executed. Such a provision in the charter will not be permitted to supersede the general laws of the state and the laws governing the practice and procedure provided by the Legislature for the courts of the state. Oklahoma News Co. v. Ryan, 101 Okla. 151, 224 Pac. 969; Sapulpa v. Land, 101 Okla. 22, 223 Pac. 640.

The city, in the instance before us, was not acting in a purely municipal character. In the construction of its water-works system it was engaged in contracting touching matters governed by general laws. City of Oklahoma City v. Hoke, 75 Okla. 211, 182 Pac. 692; Fretz v. City of Edmond, 66 Okla. 262, 168 Pac. 800.

Defendant in error insists that we should not here consider the matter of the invalidity of the order of injunction arising out of the failure to execute a bond, because the matter was not presented nor argued to the trial court. The cases cited to support this contention deal with matters not going to the jurisdiction of the trial court. It is true, that as to such matters, when not called to the attention of the trial court, and where no proper exceptions have been saved in the trial court, the alleged errors upon such ruling will not be considered here. But the order in the case before us was void; both defendants might have disregarded the order, but plaintiff had taken possession under it before notice to the defendants. State v. Lippert, 35 Kan. 150, 10 Pac. 535; State v. Logan, 2 Kan. 739, 22 Pac. 735; Davis v. Whitehead,

86 Okla. 273, 208 Pac. 216; Haffner v. Dobrinski et al., 17 Okla. 438, 88 Pac. 1042; 32 C. J. 310.

Where the record shows a judgment or order of the trial court which exceeds the power of such court, this court may consider it when the question is raised for the first time on appeal. City of Guthrie v. Nix, 3 Okla. 136, 31 Pac. 343; Territory ex rel. Taylor v. Gaffrey, 8 Okla. 193, 57 Pac. 204; Baker v. Hammett, 23 Okla. 489, 100 Pac. 1114; International Co. v. Cameron, 25 Okla. 258, 105 Pac. 189; Gourley v. Williams, 46 Okla. 635, 145 Pac. 229.

In so far as Pitts-Bateman Company is concerned, there is nothing in the petition nor in the evidence which would justify the seizure of the property; there is no evidence and no pleading to indicate that it has expressly or impliedly agreed that its property should be subjected to the terms of the contract between the city and Walbridge-Aldinger Company. It results, therefore, that the judgment of the trial court granting the injunction is reversed; the order of injunction granted by the trial court is held to be void and judgment is here rendered vacating said order.

NICHOLSON, JOHNSON, BRANSON, and WARREN, JJ., concur.

Note. — See under (1) 32 C. J. §§ 2, 10; (2) 32 C. J. § 5; (3) 32 C. J. §§ 506, 509; (4) 32 C. J. § 513.

---

## PIONEER CIRCLE et al. v. McCARTER.

No. 13055—Opinion Filed Dec. 23, 1924.

Error from District Court, Cherokee County; J. H. Jarman, Judge.

Action between the Pioneer Circle et al. and J. W. McCarter. From the judgment, the former appeal. Reversed and remanded.

Disney & Wheeler and Albert Morgan, for plaintiffs in error.

W. W. Hastings, for defendant in error.

PER CURIAM. Upon authority of Ellis v. Outler, 25 Okla. 469, 106 Pac. 957, the above cause is reversed and remanded for new trial for failure of defendant in error to comply with rule 7 of this court.