but not based upon an order of the court for support.

The case of Bondies v. Bondies, 40 Okla. 164, 136 Pac. 1089, is applicable wherein it cites Kendall v. Kendall, 5 Kan. 688, 48 Pac. 940, to the effect:

"Later in the same case the mother filed a motion for modification of the decree and the district court thereupon made the following order: '* * * (for support of minor children).'

"Upon appeal the court held that the trial court could require defendant to provide future support for the children, but payments must date from the modification decree, and that the order for payment for past support was error. * * *

"The court has power to make such orders for future maintenance of minor children *. * * after final decree has been entered."

In the case of Holt v. Holt, 23 Okla. 648, 102 Pac. 187, this court, in opinion by Mr. Justice Dunn, said:

"Under this statute we entertain no doubt that any change or modification or any order in reference to the child should be made on motion in the original action."

In cause No. 16303, the order of December 3rd, modifying the divorce decree, providing for maintenance of minor children, was made without notice, yet the same was served upon the defendant the next day, and on January 8th the defendant was served with the order to appear and show cause why he was not in contempt in his failure to obey the same, and on the day designated in the citation he appeared and filed his response. Upon a hearing the defendant was found to be physically unable to work, and, therefore, not in contempt. He was again cited to appear on January 29, 1925, and the matter was passed at that time. It appears the final citation, upon which the defendant was tried and convicted, was issued on March 10, 1925. So that it cannot be said that the defendant did not enter his appearance or have an opportunity to be heard.

Section 507, Compiled Oklahoma Statutes 1921, provides:

"When a divorce is granted, the court shall make provision for guardianship, custody, support, and education of the minor children, * * * and may modify or change any order in this respect whenever circumstances render such change proper, either before or after the final judgment in the action."

The plaintiff makes no claim for herself for alimony. Certainly the court had the power and authority and a duty to perform under the showing made, by virtue of section 507, supra, to modify the decree in the original cause so as to provide for the three minor children.

It is contended that the plaintiff is estopped by reason of the property settlement to maintain or receive the benefits of the judgment for maintenance or support contained in the order of December 3rd. However, it is obvious that the benefits derived from this order and judgment were wholly for the support and maintenance and benefit of the minor children. We are not concerned here as to whether an estoppel would operate against the plaintiff in a judgment for her benefit. The minors are not barred by the acts of their mother, the plaintiff, and the plaintiff, acting for them, is not estopped.

The defendant complains that he was tried and convicted in the district court of Oklahoma county before Honorable T. G. Chambers, district judge, on March 23, 1925, by a verdict of the jury without a complaint or affidavit setting forth the facts constituting the contempt, but we observe that the plaintiff had caused to be filed a motion therein, duly verified, wherein it properly alleged the existence of the order of December 3rd, and a specific violation of that order by this defendant. This motion sufficiently informed the defendant as to the nature of the charges against him, and the omission of his duty to pay as directed in the order. The defendant had previously been cited for contempt of the same order and had paid $100 theretofore, to escape the sentence of court, and we think he was sufficiently informed as to the proceeding brought against him by the verified motion of the plaintiff, which constituted a substantial charge.

The judgments of the lower court are affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, PHELPS, LESTER, and HUNT, JJ., concur. CLARK, J., not participating.

Note.—See under (1) 19 C. J. p. 354 § 814; anno. 2 L. R. A. (N. S.) 851; 15 A. L. R. 569; 9 R. C. L. p. 480; 2 R. C. L. Supp. 812; 4 R. C. L. Supp. p. 610. (2) 19 C. J. p. 357 § 818.

---

### WOODS et al. v. PEOPLE'S BANK OF WESTVILLE.

No. 16687—Opinion Filed April 13, 1926.

Error from District Court, Adair County; J. T. Parks, Judge.

Action between the People's Bank of Westville and T. C. Woods and another. From the judgment, the latter appeal. Reversed and remanded.

John Mayes and Chas. Wilson, for plaintiffs in error.

E. B. Arnold and W. D. Case, for defendant in error.

PER CURIAM. Upon authority of Ellis v. Outler, 25 Okla. 469, 106 Pac. 957, this cause is reversed and remanded for a new trial for failure of the defendant in error to file a brief as required by rule 7 of this court. Brief of the plaintiff in error was filed and served October 5, 1926.

---

## ATCHISON, T. & S. F. RY. CO. v. ESTRADA.

No. 16726—Opinion Filed April 13, 1926.

Appeal from District Court, Oklahoma County; George W. Clark, Judge.

Action between Abraham Estrada and the Atchison, Topeka & Santa Fe Railway Company. From the judgment, the latter appeals. Reversed and remanded.

Cottingham, McInnis & Green, F. G. Anderson, and M. M. Gibbens, for plaintiff in error.

Clarence Myers, for defendant in error.

PER CURIAM. Upon authority of Ellis v. Outler, 25 Okla. 469, 106 Pac. 957, this cause is reversed and remanded for a new trial for failure of the defendant in error to file a brief as required by rule 7 of this court. Brief of the plaintiff in error was filed and served January 2, 1926.

---

## WRIGHT v. RIGGS.

No. 16930—Opinion Filed April 13, 1926.

Appeal from District Court, Sequoyah County; J. T. Parks, Judge.

Action between Beulah Wright, nee McGrady, and Chella Riggs, nee McGrady. From the judgment, the former appeals. Reversed and remanded.

Horton & Gill, for plaintiff in error.

T. M. McCombs, for defendant in error.

PER CURIAM. Upon authority of Ellis v. Outler, 25 Okla. 469, 106 Pac. 957, this

cause is reversed and remanded for a new trial for failure of the defendant in error to file a brief as required by rule 7 of this court. Brief of the plaintiff in error was served and filed December 16, 1925.

---

## ST. LOUIS-SAN FRANCISCO RY. CO. v. PITTS, County Treas., et al.

No. 16815—Opinion Filed April 13, 1926.

Appeal from District Court, Muskogee County; O. H. Searcy, Judge.

Action between the St. Louis-San Francisco Railway Company and Bert Pitts, County Treasurer of Muskogee County, and another. From the judgment, the former appeals. Reversed and remanded.

E. T. Miller, Stuart, Sharp & Cruce, and W. T. Stratton, for plaintiff in error.

Jno. W. Porter, City Attorney, and S. H. Lattimore, County Attorney, for defendants in error.

PER CURIAM. Upon authority of Ellis v. Outler, 25 Okla. 469, 106 Pac. 957, this cause is reversed and remanded for a new trial for failure of the defendants in error to file a brief as required by rule 7 of this court. Brief of the plaintiff in error was served and filed December 5, 1925.

---

## WHITEHEAD et al. v. HOLMES et al.

No. 17119—Opinion Filed April 20, 1926.

(Syllabus.)

### Appeal and Error—Case-Made—Void Order Extending Time.

An order of the trial court extending the time within which to make and serve case-made beyond the six-months period fixed by law, in which petition in error and case-made must be filed in this court, is void.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action between J. E. Whitehead et al. and Edward R. Holmes et al. From the judgment, the former bring error. Dismissed.

Cruce & Potter and Sigler & Jackson, for plaintiffs in error.

McQueen & Kidd, for defendants in error.

PER CURIAM. This case is appealed from the district court of Carter county. Motion for a new trial was overruled on