### NATIONAL SURETY CO. v. KIGLET.

No. 16994—Opinion Filed July 20, 1926.

Error from District Court, Rogers County; C. H. Baskin, Judge.

Action between the National Surety Company of New York and H. Thomas Kiglet. From the judgment, the former brings error. Reversed and remanded.

Ed. L. Jones, for plaintiff in error.

Robson & Bayles, for defendant in error.

PER CURIAM. Upon authority of Ellis v. Outler, 25 Okla. 469, 106 Pac. 957, this cause is reversed and remanded for a new trial for failure of the defendant in error to file a brief as required by rule 7 of this court.

---

### STATE ex rel. MOTHERSEAD, Bank Com'r, v. CULLISON et al.

No. 16109—Opinion Filed July 27, 1926.

Appeal from District Court, Logan County; Charles C. Smith, Judge.

Action by the State of Oklahoma ex rel. O. B. Mothersead, Bank Commissioner, against Lloyd A. Cullison, S. L. Cullison, and F. E. Cullison. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

M. W. McKenzie and Fred W. Green, for plaintiff in error.

F. H. McGuire and Embry, Johnson & Tolbert, for defendants in error.

PHELPS, J. This cause comes here on appeal from the district court of Logan county, and the facts presented are identical with the facts presented in cause No. 16149, State ex rel. Joe H. Strain, Bank Commissioner, v. Fred Fleming and N. V. Leonard, opinion filed November 17, 1925, 121 Okla. 34, 247 Pac. 688, which opinion and the syllabus thereof are adopted as the opinion and syllabus in this case.

The judgment of the district court of Logan county is therefore reversed, and the cause remanded, with instructions to the trial court to render judgment for plaintiff.

All the Justices concur.

---

### BACKENSTOCH v. YOUNG et al.

No. 15698—Opinion Filed July 27, 1926.

(Syllabus.)

**Appeal and Error—Necessity for Filing Case-Made by Clerk of Trial Court—Dismissal.**

Under section 785, Compiled Oklahoma Statutes, 1921, the case-made is required to be filed and sealed by the clerk of the trial court, and when the case-made, attached to the petition in error, has not been filed in the court below, this court cannot accept jurisdiction of the appeal. There being no regularly filed case-made attached to the petition in error, the appeal is dismissed.

Appeal from Court of Common Pleas, Tulsa County; Robert D. Hudson, Judge.

Action between Otis J. Backenstoch and E. D. Young and others. From the judgment, the former appeals. Dismissed.

Owen, Yancey & Fist, for plaintiff in error.

James H. Sykes, for defendants in error.

PER CURIAM. This cause is appealed from the court of common pleas of Tulsa county, and the defendants in error have filed their motion to dismiss the appeal for the reason that the case-made was not filed by the court clerk of the trial court with the other papers in the case, as required by section 785, Compiled Oklahoma Statutes, 1921.

Among other things, this section provides:

"* * * The case and amendments shall, upon three days' notice, be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case. * * *"

The case-made herein is signed by the judge of the trial court, attested by the court clerk, and the seal of the court is attached thereto, but there is no filing mark in the case-made to indicate that the same was filed in the case, or that it ever was a part of the records of the case, and this court cannot take jurisdiction of the appeal which does not have a regularly filed case-made attached to the petition in error as required by the statute.

The plaintiff in error refers to the instrument as a transcript in his petition in error, but the same is entitled "case-made," is signed and settled as a case-made by the trial judge, and is so attested by the clerk of the court below.

The appeal is dismissed.

Note.—See 4 C. J. p. 377 §2048.