## MISSOURI, K. & T. RY. CO. v. LONG.

No. 644.   Opinion Filed November 16, 1910.

APPEAL AND ERROR—Failure to File Briefs—Reversal. Where counsel for plaintiff in error, in conformity with the rules of this court, has prepared, served, and filed a brief in which, with other contentions, it is insisted that the judgment and verdict appealed from are not reasonably supported by the evidence. and there is no brief filed and no reason given for its absence on the part of defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained, but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by the Court.)

*Error from Seminole County Court; T. S. Cobb, Judge.*

Action by W. C. Long against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Clifford L. Jackson, W. R. Allen* and *Webb & Ennis,* for plaintiff in error.

DUNN, C. J. This case presents error from the county court of Seminole county, where it was tried on appeal from a judgment rendered before a justice of the peace. Plaintiff's bill of particulars charges the defendant with having so negligently run and managed its locomotives and cars that it ran one of his mules into a cattle guard and killed it, to plaintiff's damage in the sum of $150. The evidence disclosed that no one saw the mule killed and plaintiff relied upon circumstances to establish that the animal was killed by one of defendant's engines pulling a south-bound passenger train and also to establish that the same was negligently done. The testimony of the engineer and fireman on this train was to the effect that they did not see the animal and did not strike it. On the coming in of the verdict, defendant filed a motion for new trial, and, on its denial, has brought the case here for review.

The propositions presented by counsel for plaintiff in error going to the sufficiency of the evidence to support the verdict have been elaborately treated, and, from an inspection of the brief, in our judgment error was committed by the court in denying a new trial. Counsel for plaintiff have not answered this brief nor assigned any reason for the neglect. The pressure upon the time of the court is such that, in justice to other litigants, it cannot brief cases for parties who elect to neglect it. If one litigant may submit his cause to this court and burden it with the duty of defending and briefing it, so may other litigants. Under rule 25 of this court (20 Okla. xii, 95 Pac. viii) the brief of plaintiff in error in civil cases is required to contain an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings and facts upon which he relies to secure a reversal, and such statement must be sufficiently full to enable the court to render its decision without an examination of the record

itself. It also provides that if the defendant in error shall claim that such abstract is incomplete, his brief shall contain a counter abstract correcting any omission or inaccuracy which may occur in the statement of plaintiff in error. Hence, it must necessarily follow, as a result of this rule, that this court is justified in assuming, where defendant in error makes no counter statement, that he is satisfied with the statement of the case as made by counsel for plaintiff in error and is content to have the court consider the case on such statement. Therefore, the rule which we have adopted in such cases is that where counsel for defendant in error have neglected to file a brief and have offered no reason or excuse for such failure, this court is not required to search the record to find some theory upon which the judgment below may be sustained, but where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error. *Butler v. McSpadden,* 25 Okla. 465, 107 Pac. 170; *Buckner v. Okla. Nat. Bank of Shawnee et al.,* 25 Okla. 472, 106 Pac. 959; *Reeves & Co. v. Brennan,* 25 Okla. 514, 106 Pac. 959; *Butler v. Stinson,* 26 Okla. 216, 108 Pac. 1103; *Ellis et al. v. Outler et al,* 25 Okla. 469, 106 Pac. 957; *Flanagan et al. v. Davis et al.* (*ante*), a case decided at this term of court.

This court has been and is very liberal where small amounts are involved, or where the parties are poor and make a showing to that effect, to permit them to file typewritten briefs, thereby relieving them of the expense of having them printed, and if, under all of these conditions, parties neglect to brief their cases and are unnecessarily subjected to the expense and burden of second trials, they have but themselves to blame for it.

The order denying a new trial herein and the judgment are set aside, and the cause remanded to the county court of Seminole county.

HAYES, KANE and TURNER, JJ., concur; WILLIAMS, J., dissents.