### TAYLOR *et al.* v. J. H. WADE & CO.

No. 3859.    Opinion Filed November 24, 1914.

(144 Pac. 559.)

1. **WITNESSES — Evidence — Admissibility — Impeachment.** On the trial of a civil action it is competent for the defendant to prove that a witness testifying in behalf of the plaintiff, in furtherance of the identical cause and for the purpose of prevailing therein, had been guilty of base, dishonorable, or criminal conduct. Such evidence is admissible in behalf of the defendant, both to discredit the witness and to throw suspicion upon the justice of the cause of action.

2. **APPEAL AND ERROR—Failure to File Brief—Reversal.** Where a plaintiff in error has prepared, served, and filed a brief as required by the rules of this court, and there is no brief filed on the part of the defendant in error, and no reason given for its absence, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by Galbraith, C.)

*Error from District Court, Harmon County;*

*Frank Mathews, Judge.*

Action by J. H. Wade & Co., against Allan B. Taylor, Wm. T. Taylor, and Henry Taylor. Judgment for plaintiff, and defendants bring error. Reversed, and remanded for new trial.

*J. L. Carpenter,* for plaintiffs in error.

Opinion by GALBRAITH, C. The writ of error in this case was sued out to review the judgment of the trial court entered upon the verdict of a jury in an action upon an account for goods, wares, and merchandise alleged to have been sold and delivered. The jury found for the plaintiff, and judgment was entered thereon for $608.55.

Among the assignments of error made by the plaintiffs in error, one relates to the ruling of the trial court in excluding certain testimony. A part of the demand sued upon was an account stated, and a part an open account. The principal witness for the plaintiff was one Sam Carmick, an employee. On his cross-examination he was asked if he was at the town of Gould, Okla., on or about March 1, 1911, and had a conversation with Wm. T. Taylor in reference to the account in suit, Taylor being a witness for the defendants; and, after admitting that he was there at that time and place and had a conversation with the witness, he was asked if in that conversation he did not say to Taylor that if he would testify in this case against his father, so that Allan B. Taylor would be compelled to pay this claim, that he, "Sam Carmick, and J. H. Wade & Co. would give him the best span of mules in Harmon county and would furnish him with groceries for one year." He answered, "No, sir." The deposition of Wm. T. Taylor was taken in behalf of the defendants below, and offered in evidence at the trial, and the twentieth interrogatory propounded to this witness reads as follows:

"State if, after filing this suit, you had any conversation with Sam Carmick, or any other person, in which you were offered any money, or other thing of value, as an inducement or

bribe to you to testify in favor of the plaintiff in this action. State fully what was offered you, where you were at the time, and the conversation in full."

The witness answered:

"While in the town of Gould, Okla., along about March 1, 1911, Sam Carmick came to me and told me that if I would testify in this case against my father, so that Allan B. Taylor would be compelled to pay this claim, that he, Sam Carmick, and J. H. Wade & Co. would give me the best span of mules in Harmon county and would furnish me with groceries for a year."

The answer to the twenty-first interrogatory was:

"This suit was pending at the time said offer was made me. After this offer was made to me by Sam Carmick, I went to Mangum, Okla., and informed my attorney, J. L. Carpenter, of the offer made me by Carmick."

Objection was made to the twentieth and twenty-first interrogatories, and the answers thereto, that same were incompetent, irrelevant, and immaterial, and the objection sustained by the trial court. This ruling is assigned as error. This testimony was competent, relevant, and material. It tended to discredit the principal witness for the plaintiff, and to throw suspicion upon the justness of the claim sued upon, and doubtless might have had much weight with the jury. Its exclusion was prejudicial error. *St. L. & S. F. R. Co. v. Walker,* 31 Okla. 494, 122 Pac. 492.

The petition in error and case-made was filed in this court on April 22, 1912. The plaintiffs in error have filed and served brief as required by the rules of this court, but the defendant in error has failed to file reply brief in support of the judgment of the trial court.

It has been many times held by this court that where the plaintiff in error has prepared, served, and filed brief as required by the rules, and there is no brief filed by the defendant in error, nor any reason given for not doing so, the court is not required to search the record to find some theory upon which the judgment below may be sustained; and, where the brief filed by the plaintiff in error appears reasonably to support the conten-

tion of the plaintiff in error, the court will reverse the judgment according to the prayer of the petition in error. *Security Ins. Co. v. Droke,* 40 Okla. 116, 136 Pac. 430; *J. Rosenbaum Grain Co. v. Higgins,* 40 Okla. 181, 136 Pac. 1073; *Purcell Bridge & Transfer Co. v. Hine,* 40 Okla. 200, 137 Pac. 668.

The brief of the plaintiffs in error reasonably tends to support the assignment, and, under the rule announced in the above cases, the cause should be reversed, and remanded for a new trial, in accordance with the prayer of the petition in error.

By the Court: It is so ordered.