BRYAN *et al., State Board of Agriculture,* v. STATE *ex rel.*

HOLT, *Co. Atty., et al.*

No. 4081. Opinion Filed January 26, 1915.

(146 Pac. 32.)

**APPEAL AND ERROR—Review—Briefs.** Where plaintiffs in error have prepared, served, and filed a brief as required by the rules of this court, and there is no brief filed and no reason given for its absence on the part of the defendants in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiffs in error.

(Syllabus by Rittenhouse, C.)

*Error from Superior Court, Pottawatomie County;*

*Geo. C. Abernathy, Judge.*

Mandamus by the State, on the relation of C. P. Holt, County Attorney, and others, against G. T. Bryan and others, composing the State Board of Agriculture. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

*Chas. West,* Atty Gen., and *R. E. Gish,* for plaintiffs in error.

*C. P. Holt,* for defendants in error.

Opinion by RITTENHOUSE, C.  This action was instituted to compel the State Board of Agriculture to continue the work of live stock inspection and the eradication of all ticks, fevers, and all other diseases of an infectious and malignant character in Pottawatomie county, Oklahoma, and to compel said board to appoint stock inspectors to conduct said work, and to compel said board to expend such sums as were lawfully appropriated by the Legislature for such purposes.  Judgment was rendered against the State Board of Agriculture, and it has appealed to this court, setting forth numerous grounds for a reversal, one of which is that mandamus will not lie to compel the performance of discretionary acts by an administrative board, where no fraud, improper motive, or failure to exercise honest judgment is charged.

Defendants in error have failed to file a brief in this court in support of their judgment.  The brief of plaintiffs in error appears to sustain their contention that the trial court erred in issuing the writ; and where plaintiffs in error have prepared, served, and filed their brief as provided by the rule of this court, and there is no brief filed by the defendants in error, nor reason given for its absence, this court is not required to search the record to find some theory on which the judgment below may be sustained; but, where the brief filed by the plaintiffs in error appears reasonably to sustain the assignment of error, this court may reverse the judgment in accordance with the prayer of the petition.  *Security Ins. Co. v. Droke,* 40 Okla. 116, 136 Pac. 430.

The cause should, therefore, be reversed and remanded.

By the Court:  It is so ordered.