## DURANT NAT. BANK v. CUMMINS.

No. 4453.    Opinion Filed May 11, 1915.

(148 Pac. 1022.)

**APPEAL AND ERROR—Failure to File Brief—Reversal.** Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of the court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by Watts, C.)

*Error from County Court, Jefferson County;*

*B. T. Price, Judge.*

Action by the Durant National Bank against B. V. Cummins. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*N. C. Peters* and *H. A. Ledbetter,* for plaintiff in error.

*Bridges & Vertrees,* for defendant in error.

WATTS, C.   This action was begun before a justice of the peace of Jefferson county by plaintiff in error, against the defendant in error, and resulted in a judgment for defendant in error. The case was appealed to the county court and tried to the court and jury on April 26, 1912, with the same results.   The plaintiff in error filed a motion *non obstante veredicto,* which was denied, also filed a motion for a new trial, which was denied.   Judgment was rendered for defendant in error, from which plaintiff in error appeals, assigning as error the following:

"(1)   Said court erred in permitting defendants to introduce the following [certain] evidence over plaintiff's objection that it was irrelevant, incompetent, and immaterial as against plaintiff and excepted to at the time; (2) in refusing to instruct the jury to return a verdict for the plaintiff; (3) in refusing to give judgment in favor of plaintiff and against the defendant, notwithstanding the verdict; (4) in overruling motion of plaintiff in error for a new trial; (5) in giving the following [certain] instructions to the jury; (6) in refusing to give the following [certain] instructions to the jury, asked for by plaintiff in error."

The petition in error and case-made were filed in this court on October 15, 1912.   Briefs and service thereof was filed October 26, 1912. · Defendant in error has failed to file briefs, nor has he asked an extension of time to file same.   We have examined the evidence copied in plaintiff in error's brief, the alleged erroneous instructions, those refused, together with the authorities relied upon for a reversal, which seem reasonably to support the assignments of error.   In cases of this character this court has often held:

"Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of the court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court

is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error." (*Midland Elevator Co. v. Harrah*, 44 Okla. 154, 143 Pac. 1169, and cases cited.)

Therefore, under the authority of the cases cited and for the further reason that the plaintiff in error's position seems to be reasonably well sustained, we recommend that the case be reversed and remanded.

By the Court: It is so ordered.