## MIDLAND VALLEY RY. CO. v. HORTON.

No. 4117.   Opinion Filed May 18, 1915.

(149 Pac. 131.)

**APPEAL AND ERROR**—Review—Failure to File Brief. Where plaintiff in error has prepared, served, and filed a brief as required by the rules of this court, and there is no brief filed and no reason given for its absence on the part of the defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error ,the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by Devereux, C.)

*Error from County Court, Leflore County;*

*P. C. Bolger, Judge.*

Action by Robert Horton against the Midland Valley Railway Company. Judgment for plaintiff, and defendant brings error. Reversed.

The petition in this case alleges that the plaintiff in error on or about the 25th day of October, 1909, while operating its line

of railway through Leflore county, Okla., and a considerable time prior to the 25th day of October, allowed its fences and ·gates along its right of way to be torn down and remain in such bad state of repair as to allow stock to stray upon its right of way, and that in consequence thereof the filly of the plaintiff was killed, to his damage of $100. There was a demurrer to his petition, which was overruled and exception duly saved. The defendant then answered by general denial, and the defense of contributory negligence.

*Edgar A. De Meules, Sol H. Kauffman,* and *T. T. Varner,* for plaintiff in error.

·*Tom W. Neal,* for defendant in error.

DEVEREUX, C. (after stating the facts as above). This case was docketed in this court on June 21, 1912, and a brief filed and served by the plaintiff in error on October 2, 1912, but no brief has been filed by the defendant in error. The case was set down for oral argument on April 23, 1915, and submitted by the plaintiff in error on its brief, and defendant in error was given 20 days to file brief, but the case was submitted on that day. The time granted the defendant in error to file briefs has expired, but none has been filed, and no reason given for such failure. An examination of the very well prepared brief of the plaintiff in error shows that there is reasonable ground for its contention.

In *Security Insurance Co. v. Droke,* 40 Okla. 116, 136 Pac. 430, the Supreme Court, speaking through Chief Justice Hayes, says:

The "defendant in error has chosen not to file any brief in this court in answer to the brief of plaintiff in error, or in support of the judgment of the trial court. The brief of plaintiff in error appears to sustain fully its contention. It has been held repeatedly by this court that where plaintiff in error has pre-

pared, served, and filed his .brief as required by the rules of the court, and there is no brief filed or no reason given for its absence on the part of defendant in error, the court is not required to search the record to find some theory upon which the judgment * * * may be sustained; but, where the brief filed by plaintiff in error appears reasonably to sustain his assignments of error, the court will reverse the judgment ·in accordance with the prayer of the petition in error. *Butler v. McSpadden,* 25 Okla. 465 [107 Pac. 170]; *Ellis v. Outler,* 25 Okla. 469 [106 Pac. 957]; *Flanagan v. Davis,* 27 Okla. 422 [112 Pac. 990]; *M., K. & T. Ry. Co. v. Long,* 27 Okla. 456, [112 Pac. 991]."

This is a governing authority in the case at bar. We therefore recommend that the judgment of the trial court be reversed, and the cause remanded, with directions to grant·a new trial.

By the Court: It is so ordered.