## METROPOLITAN LIFE INS. CO. v. DUNN.

No. 6555.   Opinion Filed January 25, 1916.

(154 Pac. 1153.)

**APPEAL AND ERROR—Failure to File Brief—Affirmanve.** Where defendant in error has not filed a brief or offered an excuse for such failure, and the brief of plaintiff in error appears to reasonably sustain the assignments of error, this court will not search the record for grounds upon which to sustain the judgment rendered, but will reverse the case.

(Syllabus by Collier, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Julius A. Dunn against the Metropolitan Life Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*William J. Tully, B. B. Blakeney,* and *J. H. Maxey, Jr.,* for plaintiff in error.

Opinion by COLLIER, C. This action was brought by defendant in error against plaintiff in error on a policy of life insurance upon the life of the wife of defendant

in error, in which said policy defendant in error was named as the beneficiary. Hereinafter the parties will be referred to as they were in the trial court. The execution of said policy, payment of premium thereon, the death, and proper proof of death of insured, were admitted. Defendant filed an answer, predicating its defense upon an alleged breach of warranties contained in the application made by insured for, and also embraced in, said policy, and offered evidence tending to support its contention. By agreement, the case was tried to the court, and resulted in a judgment in favor of plaintiff in the sum of $87.50, to which defendant duly excepted. Defendant, within the statutory time, filed a motion for new trial, which was overruled and exceptions saved. To reverse said judgment this appeal is prosecuted.

Defendant has completed its record and filed same in this court, and has filed and served a brief in compliance with the rules of this court. Plaintiff has neither filed his brief, nor offered any excuse for such failure.

We have examined the brief of defendant, and find that it appears to reasonably sustain some of the errors assigned. Under such a condition, we are not called upon to search the record to find some theory upon which the judgment rendered may be sustained, and we decline to do so. *Taylor v. J. H. Wade & Co.,* 44 Okla. 294, 144 Pac. 559; *Bryan v. State,* 44 Okla. 653, 146 Pac. 32; *Durant Nat. Bank v. Cummins,* 46 Okla. 366, 148 Pac. 1022; *Midland Val. Ry. Co. v. Horton,* 46 Okla. 534, 149 Pac. 131; *Lytle v. Roberts,* 50 Okla. 565, 151 Pac. 191; *Butler v. McSpadden,* 25 Okla. 465, 107 Pac. 170; *M., K. & T. Ry. Co. v. Long,* 27 Okla. 456, 112 Pac. 991.

This cause should be reversed and remanded.

By the Court: It is so ordered.