## CREAMERY PACKAGE MFG. CO. v. DELK.

No. 5534.   Opinion Filed February 8, 1916.

(155 Pac. 513.)

APPEAL AND ERROR — Failure to File Brief — Reversal. Where plaintiff in error has completed his record and filed it in the Supreme Court, and has served and filed a brief in compliance with the rules of the court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by Brewer, C.)

Error from County Court, Caddo County;

C. Ross Hume, Judge.

Action by the Creamery Package Manufacturing Company against J. M. Delk. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Alfred W. Craven, and Louie E. McKnight, for plaintiff in error.

Opinion by BREWER, C.   Plaintiff in error, plaintiff below, brought this action against defendant in error, defendant below, to recover on three certain promissory notes, with interest at the rate of 6 per cent. per annum from date; said notes being dated June 23, 1910, and due in three and six months from date, and being in the following amounts, respectively: one note for $125, one note for $125, and one note for $268.   Said notes were given in part payment for the installation by plaintiff of a refrigerating plant for defendant.   Plaintiff alleges that said notes are now due and wholly unpaid, and prays judgment against defendant for $536, with interest at 6 per cent.   Defendant filed his answer and cross-petition, denying each and every allegation alleged in plaintiff's petition, except the execution of the notes. For his cross-petition, defendant alleges that he entered into a contract with plaintiff for the installation of a refrigerating plant; that plaintiff represented to defendant that said plant would reduce the temperature to 34 degrees, when in fact it would not reduce the temperature under 40 degrees; that defendant was not experienced with machinery, and relied upon the representations of plaintiff; that the plant was installed April 7, 1910, and on April 11th thereafter defendant accepted it in writing, and made the first payment of $450; that, by reason of the defective machinery, 1,000 pounds of fresh meat belonging to defendant had spoiled; and prays judgment against plaintiff for $600 damages and the $450 paid on said contract.   The cause was tried to a jury, resulting in a verdict in favor of defendant for $506.47, and for return and cancellation of the notes sued for by plaintiff. Motion for new trial was filed and overruled, to which

plaintiff duly excepted. Judgment was entered on the verdict, to reverse which plaintiff prosecutes this appeal.

Plaintiff has completed its record and filed same in this court, and has filed and served a brief in compliance with the rules of this court. Defendant has neither filed his brief, nor offered any excuse for such failure, notwithstanding the questions raised are involved, difficult, and important. We have examined the brief of plaintiff, and find that it appears reasonably to sustain the assignments of error urged. Under this state of the record, this court is not required to search the record to find some theory upon which the judgment may be sustained, but may reverse the judgment in accordance with the prayer of the petition. *Phillips v. Rogers,* 30 Okla. 99, 118 Pac. 371; *Doyle v. School Dist. No. 38,* 30 Okla. 81, 118 Pac. 386; *Butler v. McSpadden,* 25 Okla. 465, 107 Pac. 170; *M., K. & T. Ry. Co. v. Long,* 27 Okla. 456, 112 Pac. 991.

This cause should therefore be reversed and remanded.

By the Court: It is so ordered.