## CONTINENTAL CREAMERY CO. v. LA FLORE.

No. 7573—Opinion Filed June 20, 1916.

(158 Pac. 435.)

**Appeal and Error—Failure to File Brief—Review—Reversal.**

Where plaintiff in error has prepared, served, and filed a brief as required by the rules of this court, and there is no brief filed and no reason given for its absence on the part of the defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by Edwards, C.)

Error from County Court, Atoka County; W. M. Rainey, Judge.

Action by the Continental Creamery Company, a corporation, against Charles La Flore. Judgment for defendant, and plaintiff brings error. Reversed.

Bland & Ptak and Chas. H. Garnett, for plaintiff in error.

Opinion by EDWARDS, C. This was an action by the Continental Creamery Company, a Corporation, Plaintiff, v. Chas. La Flore, Defendant, upon a promissory note dated July 10, 1912, in the sum of $291.20.

The answer of defendant was a general denial and an averment that the plaintiff, through its agent, Coleman J. Ward, had made certain agreements and representations which had not been complied with, and that the note was without consideration. The defendant further filed a counterclaim, alleging damages by reason of the failure of the said agent to comply with his alleged agreements, and praying judgment against the plaintiff in the sum of $295. The case was tried to a jury, and a verdict rendered in favor of defendant in the sum of $97.55; the defendant remitted $30 of said amount, and judgment was rendered for $67.50. The case, within the time fixed and allowed by the court, was duly appealed to this court.

The brief of plaintiff in error appears to sustain its contention that the trial court erred in admitting incompetent, irrelevant, and immaterial testimony on the part of the defendant, and in failing to give certain instructions requested by the plaintiff and in giving other instructions over the objection of plaintiff. The plaintiff in error has prepared, served, and filed its brief, as provided by the rules of this court, and no brief has been filed by the defendant in error nor any reason given for failure to file the same. This court is not required to search the record to find some theory upon which the judgment below may be sustained, but will reverse the judgment in accordance with the prayer of the petition in error, according to the rule announced in Midland Elevator Co. v. Harrah, 44 Okla. 154, 143 Pac 1168; Bryan v. State, 44 Okla. 653, 146 Pac. 32; Taylor v. Smith, 44 Okla. 403, 144 Pac. 1028.

The case should therefore be reversed and remanded.

By the Court: It is so ordered.